IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH DICKERHOFF AND ABIGAIL DAVIDSON<br><br>       Plaintiffs,<br><br>vs.<br><br>AMERCO, U-HAUL INTERNATIONAL, INC., U-HAUL CO. OF WISCONSIN, INC. AND U-HAUL MOVING & STORAGE AT APPLETON AVENUE<br><br>       Defendants. | No. _____<br><br>Iowa District Court in and for Pottawattamie County<br>Law No. LACV121759 |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and LR 81, Defendant AMERCO and Defendant U-Haul International, Inc. ("UHI"), with the express consent of Defendant U-Haul Co. of Wisconsin, Inc. ("UHWI"), including its separately named rental center, U-Haul Moving & Storage at Appleton Avenue[1] (collectively, the "Defendants"), give notice of the removal of this action from the Iowa District Court in and for Pottawattamie County to the United States District Court for the Southern District of Iowa, Western Division. Removal is based on diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy requirement is satisfied and because Defendants are diverse from Plaintiffs Elizabeth Dickerhoff ("Dickerhoff") and Abigail Davidson ("Davidson") (collectively, "Plaintiffs").

In support of this removal, Defendants further state as follows:

---

[1] Plaintiffs named U-Haul Moving and Storage at Appleton Avenue as a separate defendant in this action. However, U-Haul Moving and Storage at Appleton Avenue is simply a UHWI rental center and not a separately existing legal entity.

1.      On May 26, 2021, Plaintiffs Elizabeth Dickerhoff and Abigail Davison filed a complaint, naming as defendants AMERCO, UHI, UHWI, and U-Haul Moving & Storage at Appleton Avenue in the Iowa District Court in and for Pottawattamie County, Law No. LACV121759. *See* **Ex. A**., Complaint.

2.      Defendant UHWI was served on June 4, 2021, and Plaintiff separately served an individual at U-Haul Moving & Storage at Appleton Avenue on June 7, 2021. Defendant UHI was served on June 25, 2021. Defendant AMERCO was served on June 30, 2021. *See* **Ex. B**, Affidavits of Service.[2]

3.      Defendants have not filed Answers and no further proceedings have been taken.

4.      This Notice of Removal is filed within thirty (30) days of service of Plaintiff's Complaint on the last-served Defendant, AMERCO. Removal of this action, therefore, is timely under 28 U.S.C. § 1446(b) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."). Under Eighth Circuit precedent, each defendant has thirty (30) days after receiving service to file a notice of removal with the unanimous consent of their co-defendants, regardless of when, or whether, any previously served defendants filed a notice of removal. *See, e.g., Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir. 2001) ("We hold that the later-served defendants in this case had thirty days from the date of service on them to file a notice of removal with the unanimous consent of their co-defendants, even though the first-served co-defendants did not file a notice of removal within thirty days of service on them.").

5.      The Complaint arises out of an incident that occurred on June 29, 2019, in

---

[2] At the time of filing this Notice, affidavits of service regarding UHI and AMERCO have not been filed in the Iowa District Court in and for Pottawattamie County. However, the service copies of the Complaint served upon UHI and AMERCO are included within Ex C.

Pottawattamie County, Iowa. More specifically, Plaintiffs allege that they were towing a U-Haul trailer, rented from UHWI at U-Haul Moving and Storage at Appleton Ave, when the trailer alleged "suffered mechanical failure . . . causing [Elizabeth Dickerhoff]'s vehicle to veer . . . off the roadway" and causing both the trailer and vehicle to roll ." Plaintiffs. Ex. A. ¶¶ 13, 20. Plaintiffs allege receiving "severe and permanent physical, mental, and emotional damages," that they "have and will incur in the future, doctor, hospital and related medical expense, lost wages," and that they "has [sic] and will suffer pain and mental anguish" as a proximate cause of the incident. *Id.* ¶¶ 37, 45, 52. Plaintiffs also allege Dickerhoff's vehicle caught fire after the incident. *Id.* ¶ 20.

6.    Defendants remove this action based on 28 U.S.C. § 1441(b). There is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.

### Statement of Facts Regarding Citizenship and Amount in Controversy

**A.    There is a Complete Diversity of Citizenship Between Plaintiffs and Defendants**

7.    The Complaint demonstrates the complete diversity of citizenship between Plaintiffs and Defendants. Pursuant to LR 81, at all relevant times, including the time of filing the Complaint, and as alleged therein (with one exception), the citizenship of the parties is as follows:

(a)    Plaintiff Elizabeth Dickerhoff is and was a citizen of Colorado. *See* Ex. A ¶ 1.

(b)    Plaintiff Abigail Davidson is and was a citizen of Colorado. *See* Ex. A ¶ 2.

(c)    Defendant AMERCO is and was a citizen of Nevada. *Cf.* Ex. A ¶ 3 (erroneously identifying AMERCO as a citizen of Nevada and Arizona).

(d)    Defendant U-Haul International, Inc. is and was a citizen of Nevada and Arizona

*See* Ex. A ¶ 4.

(e)     Defendant UHWI is and was a citizen of Wisconsin. *See* Ex. A ¶ 10.

(f)     Defendant U-Haul Moving & Storage at Appleton Avenue is pled to be located in and doing business in Milwaukee, Wisconsin.[3] *See* Ex. A ¶11.

**B.     The Amount In Controversy Exceeds $75,000, Exclusive Of Costs And Interests.**

8.     With respect to the amount of controversy, Plaintiffs' complaint does not include a specific dollar amount demanded in damages because Iowa law does not require a specific dollar amount in such pleadings.[4] Plaintiffs pled that they sustained (1) "severe and permanent physical, mental, and emotional damages"; (2) that they "have and will incur in the future, doctor, hospital and related medical expense, lost wages"; and (3) that they "has [sic] and will suffer pain and mental anguish" as a proximate result of the incident made the basis of the Complaint. *Id.* ¶¶ 37, 45, 52.

9.     Plaintiffs additionally pled that the tow vehicle caught fire after the incident. *Id.* ¶ 20.

### The Amount in Controversy is Satisfied

10.     While Plaintiffs did not plead a specific dollar amount in damages, this circuit's precedent makes clear that the amount-in-controversy requirement may be satisfied even when "the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum." *Turntine v. Peterson*, 959 F.3d 873, 880 (8th Cir. 2020) (quitting *In re Minn. Mut. Life*

---

[3] As stated in the first footnote, U-Haul Moving & Storage at Appleton Avenue is simply a UHWI rental center and not a separate legal entity. However, for the purposes of this Notice of Removal, Plaintiffs pled in the Complaint that U-Haul Moving & Storage at Appleton Avenue is located in and doing business in Milwaukee, Wisconsin. *See* Ex. A ¶11. Therefore, to the extent U-Haul Moving & Storage at Appleton Avenue is considered as an independent defendant, Plaintiffs have alleged it is a citizen of Wisconsin.

[4] *See* Iowa Code Ann. § 619.18.

*Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003)). Defendants must prove, by a preponderance of the evidence, '"whether a fact finder might legally conclude' that 'the damages are greater than the requisite amount.'" *Id.* at 881 (citations omitted). In some cases, like this one, it is "facially apparent" from the Complaint that the amount in controversy exceeds the jurisdictional minimum, and '"the court itself may be better-situated to accurately assess' whether this is so." *Id.* (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). The Court may "employ[ ] its judicial experience or common sense" to determine whether the jurisdictional threshold has been met. *Id.*; *see also Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017) (per curiam) (noting that jurisdiction can be established " with specific factual allegations . . . combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations").

11.     Put another way, "the Supreme Court recently clarified that 'a defendant's notice of removal need include only a plausible allegation' that the jurisdictional requirements are met." *Pudlowski v. The St. Louis Rams, LLC,* 829 F.3d 963, 964 (8th Cir. 2016) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

12.     Here, a reasonable fact finder will likely conclude Plaintiffs' damages are greater than the requisite amount because it is facially apparent from the Complaint. In their Complaint, the two Plaintiffs allege "severe and permanent" physical, mental, and emotional damages, past and future medical expenses, lost wages, and continuing pain and mental anguish as a result of the incident. Ex. A ¶¶ 37, 45, 52. It is clear that Plaintiffs seek substantial damages for more than garden-variety mental and physical injuries. Further, the severe and permanent injuries alleged by each demonstrate a greater chance of higher recovery exceeding the jurisdictional threshold – a jury could certainly award in excess of $75,000 to two Plaintiffs, each of whom each allege "severe

and permanent" physical and mental injuries, past and future medical expenses, and lost wages.

13.    "Once the removing party carries its burden, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Turntine*, 959 F.3d at 881.

14.    Because there is complete diversity of citizenship between Plaintiff and Defendants, and because the amount in controversy is greater than $75,000, exclusive of interest and costs, this Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332(a). Removal based on diversity of citizenship is proper.

## CONSENT AND COMPLIANCE WITH LOCAL RULE 81

15.    Defendant UHWI, including its rental center, U-Haul Moving & Storage at Appleton Avenue, has been served in the state court action and consents to the removal of this action.

16.    Pursuant to LR 81(a)(1), a copy of the Iowa District Court in and for Pottawattamie Count's entire file, as of July 19, 2021, including copies of all process, pleadings and exhibits, and orders served upon Defendants, is attached as **Exhibit C**.

17.    There are no motions pending in state court that will require resolution by this Court. *See* LR 81(a)(2).

18.    The following counsel and law firms appeared in the state court action, prior to removal:

(a)    Christopher Johnston (AT0012625), Thomas P. Tully (AT00011150), and Christopher Martineau (admitted *pro hac vice*), The Law Group of Iowa, a Johnston Martineau LLP Company, 7900 Hickman Road, Suite 200, Windsor Heights, Iowa, 50324, phone number (515)) 493-4878, facsimile (515) 414-7782, email addresses Tully@JMLegal.com,                CJohnston@JMLegal.com,                and

CMartineau@JMLegal.com and Peter J. Kestner, McEwen & Kestner, PLLC, 5854

Blackshire Path, Inver Grove Heights, MN 55076, phone number (651) 888-7973,

facsimile not pled, email address pete@crawfordkestner.com on behalf of Plaintiffs

Elizabeth Dickerhoff and Abigail Davidson.

*See* LR 81(a)(3).

19.    A statement of facts demonstrating satisfaction of the jurisdictional citizenship

requirements of 28 U.S.C. § 1332(a) is incorporated into this brief via the section entitled

"Statement of Facts Regarding Citizenship and Amount in Controversy." *See* LR 81(a)(4).

20.    As required by 28 U.S.C. § 1446(d), Defendants have provided written Notice of

Filing of this Notice of Removal to counsel.

21.    Defendants have also filed a copy of this Notice with the clerk of the state court

from which this action has been removed.

Respectfully submitted this 19th day of July, 2021.

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE,
P.C.

By:                  */s/ Janice M. Thomas*
Janice M. Thomas AT0007822
801 Grand Avenue, Suite 3700
Des Moines, IA 50309-8004
Tel: (515) 246-5828
Fax: (515) 246-5808
E-Mail: thomas.janice@bradshawlaw.com

*Attorneys for Defendants U-Haul Co. of Wisconsin,
including its rental center, U-Haul Moving & Storage of
Appleton Ave., U-Haul International, Inc., and AMERCO*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties to this action by e-file using the Court's CM/ECF system and/or by depositing a copy of same in the U.S. Mail, postage prepaid and properly addressed as follows:

Christopher Johnston
Thomas P. Tully
Christopher Martineau
The Law Group of Iowa
A Johnston Martineau LLP Company
7900 Hickman Road, Suite 200
Windsor Heights, Iowa, 50324
Tully@JMLegal.com
CJohnston@JMLegal.com
CMartineau@JMLegal.com

Peter J. Kestner
McEwen & Kestner, PLLC
854 Blackshire Path
Inver Grove Heights, MN 55076
pete@crawfordkestner.com
*Counsel for Plaintiffs*

By:  _____*/s/ Janice M. Thomas*_____
OF COUNSEL

# EXHIBIT A

## Complaint

 **CT Corporation**

**Service of Process Transmittal**
06/30/2021
CT Log Number 539827876

**TO:**  Dave McGee, Operations Manager
U-Haul International, Inc.
2721 N CENTRAL AVE
PHOENIX, AZ 85004-1127

**RE:**  **Process Served in Nevada**

**FOR:**  AMERCO  (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Elizabeth Dickerhoff And Abigail Davidson, Pltfs. vs. Amerco, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Original Notice, Attachment(s), Petition |
| **COURT/AGENCY:** | Pottawattamie County - District Court, IA<br>Case # LACV121759 |
| **NATURE OF ACTION:** | Personal Injury - 06/29/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/30/2021 at 09:22 |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | Within 60 days after service |
| **ATTORNEY(S) / SENDER(S):** | Christopher Johnston<br>Johnston Martineau, LLP<br>7900 Hickman Rd.<br>Ste 200<br>Windsor Heights, IA 50324<br>515-493-4878 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/30/2021, Expected Purge Date: 07/10/2021 |
| | Image SOP |
| | Email Notification,  Meg Grove  meg_grove@uhaul.com |
| | Email Notification,  Marsha Evans  marsha_evans@uhaul.com |
| | Email Notification,  Dave McGee  dave_mcgee@uhaul.com |
| | Email Notification,  Malinda Sutter  malinda_sutter@uhaul.com |
| | Email Notification,  Joanna Morales  joanna_morales@uhaul.com |
| | Email Notification,  Shannen Allen  shannen_allen@uhaul.com |
| | Email Notification,  Lance Arnott  sopverification@wolterskluwer.com |

. CT Corporation

**Service of Process Transmittal**
06/30/2021
CT Log Number 539827876

**TO:**     Dave McGee, Operations Manager
U-Haul International, Inc.
2721 N CENTRAL AVE
PHOENIX, AZ 85004-1127

**RE:**     **Process Served in Nevada**

**FOR:**    AMERCO  (Domestic State: NV)

**REGISTERED AGENT ADDRESS:**        C T Corporation System
701 S. Carson Street
Suite 200
Carson City, NV 89701
877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| ELIZABETH DICKERHOFF AND ABIGAIL DAVIDSON, | LAW NO. LACV121759 |
| Plaintiff | |
| Vs. | **ORIGINAL NOTICE** |
| AMERCO, U-HAUL INTERNATIONAL, INC., U-HAUL CO. OF WISCONSIN, INC. AND U-HAUL MOVING & STORAGE AT APPLETON AVENUE | |

TO THE ABOVE-NAMED DEFENDANT:     AMERCO
%Registered Agent – CT Corporation System
701 S. Carson Street, Ste 200
Carson City, NV 89701

You are notified that a petition has been filed in the office of the Pottawattamie County clerk of this court naming you as the defendant in this action.  A copy of the petition is attached to this notice.  The names and addresses of the attorneys for the plaintiff are Christopher Johnston and Thomas P. Tully of Johnston Martineau, LLP, 7900 Hickman Rd., Ste 200, Windsor Heights, IA  50324. The attorney's telephone number is (515) 493-4878. The facsimile number is (515) 414-7782.

You must serve a motion or answer within 60 days after service of this original notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Pottawattamie County, at the county courthouse in Council Bluffs, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 286-3394.  Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

CLERK OF COURT
Pottawattamie County Courthouse
227 S. 6th Street
Council Bluffs, IA  51501

**IMPORTANT:** YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOU INTERESTS.

E-FILED 2021 MAY 27 10:38 AM POTTAWATTAMIE - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

| | |
|---|---|
| *Case No.* | **LACV121759** |
| *County* | **Pottawattamie** |

*Case Title*  **DICKERHOFF/DAVIDSON VS AMERCO ET AL**

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(712) 328-5883** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **05/27/2021 10:38:03 AM**



*District Clerk of* Pottawattamie    County
**/s/ Teresa Mace**

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| ELIZABETH DICKERHOFF AND ABIGAIL DAVIDSON,<br><br>    Plaintiff<br><br>Vs.<br><br>AMERCO, U-HAUL INTERNATIONAL, INC. AND U-HAUL CO. OF WISCONSIN, INC. and U-HAUL MOVING & STORAGE AT APPLETON AVENUE | LAW NO. LACV121759<br><br><br>**PETITION AT LAW<br>AND JURY DEMAND** |

**COMES NOW** the Plaintiffs, by and through the undersigned, and in support of their cause

of action against the Defendants Amerco, U-Haul International, Inc. U-Haul Co. of Wisconsin, Inc.,

and U-Haul Moving & Storage at Appleton Avenue states:

## JURISDICTIONAL AND FACTUAL ALLEGATIONS

1.      Plaintiff Elizabeth Dickerhoff (hereinafter referred to as Plaintiff Elizabeth) is an

individual who at all times material hereto resided in Erie, Weld County, Colorado.

2.      Plaintiff Abigail Dickerhoff (hereinafter referred to as Plaintiff Abigail) is an

individual who at all times material hereto resided in Erie, Weld County, Colorado.

3.      Defendant AMERCO [hereinafter "AMERCO"], is the parent company for

Defendant U-Haul International, Inc. and Defendant U-Haul Co. of Wisconsin, Inc.  Defendant

AMERCO, through its subsidiaries, including Defendant U-Haul International, Inc. and Defendant

U-Haul Co. of Wisconsin, Inc., offers rental of trucks and trailers to "do-it-yourself" moving and

storage customers.  Defendant AMERCO is a Nevada domestic corporation with its principal place

of business in Phoenix, Arizona.  At all times herein relevant, Defendant AMERCO was engaged in

the business of manufacturing, distributing, promoting, advertising, selling and leasing trailers

throughout the United States, the State of Wisconsin, and in the State of Iowa.  Defendant

AMERCO has substantial and continuing contacts with the State of Iowa and derives substantial income from the State of Iowa.

4.      Defendant U-Haul International, Inc., [hereinafter Defendant "UHI"], is a Nevada for-profit corporation with its principal place of business in Phoenix, Arizona. Defendant UHI maintains the largest rental fleet in the "do-it-yourself" moving industry, which includes trucks, trailers and towing devices. The annual mileage driven on North American roads by Defendant UHI's trucks, trailers and tow dollies would move a family to the moon and back more than 9.9 times per day, every day of the year; the equivalent of traveling around the Earth 177 times per day, every day of the year according to Defendant UHI.

5.      Defendant UHI is a consolidated subsidiary of AMERCO. At all times pertinent to this Petition, Defendant UHI was, and remains, the parent corporation exercising control over all U-Haul corporate subsidiaries, including U-Haul Co. of Wisconsin, Inc., and U-Haul Moving & Storage at Appleton Avenue. Defendant UHI's website also has provided a definition of "U-Haul" as U-Haul International, Inc. and its respective subsidiaries, insurers, parent, affiliates, agents, and dealers. In that role as the parent corporation exercising control, Defendant UHI was, and remains, the entity responsible for promulgating the policies, procedures, guidelines, practices, protocols and/or training to be followed by all U-Haul corporate subsidiaries, including U-Haul Co. of Wisconsin, Inc., and U-Haul Moving & Storage at Appleton Avenue and their employees and/or agents.

6.      Defendant UHI (either on its own and/or by and through its wholly-owned, consolidated and/or affiliated subsidiaries) was, and remains, in the business of inspecting, maintaining, repairing, and renting U-Haul trailers to consumers throughout the United States.

7.      Defendant UHI, either alone and/or by and through its wholly-owned, consolidated

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

and/or affiliated subsidiaries, transacts business in the State of Iowa and derives substantial revenue from business in the State of Iowa.

8.    Furthermore, because Defendant UHI maintains a registered agent to transact business in the State of Nevada, UHI may be served by delivering Summons and the Complaint upon its registered agent, CT Corporation System, located at 701 S. Carson Street, Suite 200, Carson City, Nevada 89701.

9.    In addition to the above, at all times relevant hereto, Defendant UHI was engaged in the business of manufacturing, distributing, promoting, advertising, selling and leasing trailers through a network of licensees, including U-Haul Co. of Wisconsin, Inc., and U-Haul Moving & Storage at Appleton Avenue, as well as licensees throughout the United States and in the State of Iowa.

10.    Defendant U-Haul Co. of Wisconsin, Inc. (hereinafter referred to as Defendant "UHW"), is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. That Defendant AMERCO is the parent company for Defendant UHW.  Defendant UHW at all times relevant was engaged in the business of manufacturing, distributing, promoting, advertising, selling and leasing trailers throughout the United States and the State of Wisconsin through a network of licensees within the State of Wisconsin.

11.    At all times relevant hereto, Defendant U-Haul Moving & Storage at Appleton Avenue, 7677 W. Appleton Avenue, Milwaukee, WI was located and doing business at 7677 West Appleton Avenue, Milwaukee, WI 53222 and was engaged in in the business of leasing, installing, maintaining, promoting and advertising trailers to be used on roads, highways, and Interstates throughout the United States and elsewhere.  Defendant U-Haul Moving & Storage at Appleton Avenue does business in the State of Wisconsin with full knowledge that the trailers it rents will be

E-FILED 2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

driving on roads, highways, and Interstates throughout the United States and elsewhere, including the State of Iowa.

12.    Upon information and belief, Plaintiffs contend that at all times mentioned herein, Defendants AMERCO, UHI, UHW, and U-Haul Moving & Storage at Appleton Avenue (hereinafter collectively referred to as the "U-Haul Defendants") were acting as agents of the other, and at all times mentioned were acting within the scope of said agency and with full knowledge, permission and consent of the other Defendant(s) throughout the United States and the State of Iowa. In addition, each of the acts and/or omissions of each Defendant alleged herein were made known to the other Defendant(s).

13.    On June 29, 2019, Plaintiff Elizabeth rented a U-Haul 4x8 utility trailer, VA License Plate number 1039ZF, VIN number 14HUO81084PUV2727, from U-Haul Moving & Storage at Appleton Avenue, 7677 W. Appleton Avenue, Milwaukee, WI, who is believed to be an Agent, partner, employee and/or servant of Defendants AMERCO, UHI, and UHW.

14.    On June 29, 2019, Defendants were aware and consented to Plaintiff Elizabeth driving the at-issue trailer from Wisconsin to Broomfield, Colorado.

15.    That prior to the June 29, 2019, rental of the at-issue trailer, the U-Haul Defendants' employee(s) and/or agents, while acting in the course and scope of their employment and/or agency for the U-Haul Defendants either failed to inspect, or negligently inspected the at-issue trailer for any maintenance defects that made renting the at-issue trailer unsafe.

16.    That prior to the June 29, 2019, rental of the at-issue trailer, the U-Haul Defendants either did, or should have provided training and supervision over the U-Haul Defendants, and their agents, on proper trailer maintenance, including the inspection of wheel ends and axels.

17.    That on this date, June 29, 2019, Defendant UHI retained all duties as franchisee to properly maintain its equipment, including, but not limited to, the at-issue U-Haul 4x8 utility trailer, VA License Plate number 1039ZF, VIN number 14HUO81084PUV2727.

18.    On June 29, 2019, Plaintiff Elizabeth was driving a vehicle owned by her, a 2004 Ford Escape and was pulling the U-Haul Defendants' trailer, Plate number 1039ZF, west on Interstate 80 in Pottawattamie County, Iowa at approximately Mile Marker 46.6.

19.    On June 29, 2019, Plaintiff Abigail was a passenger in Plaintiff Elizabeth's (her Mother) vehicle.

20.    As Plaintiff Elizabeth's vehicle approached Mile Marker 46.6, Defendants' trailer, without prior warning, suffered mechanical failure to its passenger side wheel resulting in the wheel being unable to freely rotate and causing Plaintiff Elizabeth's vehicle to veer to the left, cross over the median, across the eastbound lanes, and off the roadway.  Plaintiff Elizabeth's vehicle and trailer rolled, became detached from one another, and then came to rest in a field off the shoulder of the east bound lanes with Plaintiff Elizabeth's vehicle subsequently catching fire.

21.    Examination of the at-issue axle revealed a pre-existing (the fracture existed prior to failure) fracture around a majority of the shaft's circumference, which ultimately led to the failure of the shaft and the wheel and tire of the U-Haul trailer becoming wedged in the fender, causing the trailer to pitch to the right and Plaintiff Elizabeth's vehicle to pitch to the left.

22.    That this mechanical failure described in the above paragraph was the result of a defect, only identifiable by a mechanically trained eye of the U-Haul Defendants and their employees, and not an ordinary user or handler of the trailer, with ordinary knowledge common to the community.

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

23.     That upon visual inspection after the at-issue crash, the level of rust and corrosion on the at-issue trailer frame, axle and wheel bearing/hub assemblies was consistent and suggested that the wheel hub assemblies had never been serviced by the U-Haul Defendants (replaced) over the 15 years the trailer had been used.

24.     That upon further inspection, the grease in the bearing of the at-issue axle was solidifying which indicated that the grease was of old age; likely confirming the U-Haul Defendants had not serviced the axle and wheel bearing/hub assembly.

25.     That at the time of visual inspection, the U-Haul Defendants refused to provide service literature for the at-issue trailer's axle involved in the crash.

26.     That upon information and belief, a properly maintained trailer would have not suffered the mechanical failure described above that resulted in the Plaintiffs' injuries.

27.     At the time of the mechanical failure referred to herein, the U-Haul trailer was being used as intended and in a manner reasonably foreseeable to the U-Haul Defendants.

28.     As a result of U-Haul Defendants Trailer's mechanical failure described above, Plaintiffs Elizabeth and Abigail sustained permanent injuries to their bodies.

29.     This Court has jurisdiction over the parties and subject matter as the crash happened in the County of Pottawattamie, and the State of Iowa.

30.     The amount in controversy exceeds the minimum jurisdictional amount of this Court.

31.     Venue is proper pursuant to Iowa Code §616.18

### COUNT I: NEGLIGENCE – U-HAUL DEFENDANTS

COMES NOW the Plaintiffs, and in support of their cause of action set forth in Count I against The U-Haul Defendants, states:

32.     Plaintiffs re-plead and re-allege each of the allegations set forth in

Paragraphs 1 through 31 of the Jurisdictional and Factual Allegations of this Petition at Law

and incorporates the same by reference as though fully set forth herein.

33.     That at all times relevant hereto, the U-Haul Defendants were actively

engaged in the business of leasing, distributing, installing, and maintaining trucks and

trailers, similar to the U-Haul trailer, Plate Number 1039ZF rented by Plaintiff Elizabeth.

34.     That it was the duty of the U-Haul Defendants, either solely or combined to

exercise reasonable care to maintain the subject U-Haul trailer, Plate Number 1039ZF, in a

reasonably safe condition, free from unreasonably dangerous conditions or defects.

35.     That in derogation of its said duty, regarding the maintenance of the subject

U-Haul utility trailer, the U-Haul Defendants, by and through its employees, agents and/or

servants, acting within the scope of their employment, agency and/or service on behalf of

the U-Haul Defendants, either solely or combined, was negligent in one or more of the

following respects:

a.   The U-Haul Defendants and their employees and agents breached their duty to
     systematically inspect, repair and maintain the U-Haul trailer, Plate Number
     1039ZF, before the June 29, 2019 mechanical failure;

b.   The U-Haul Defendants and their employees and agents breached their duty to
     properly maintain the U-Haul trailer, Plate Number 1039ZF, before the June 29,
     2019 mechanical failure;

c.   The U-Haul Defendants and their employees and agents knew, or should have
     known, of the unreasonably dangerous condition of the U-Haul trailer, Plate Number
     1039ZF, which caused Plaintiffs' injuries and damages, but failed to correct or warn
     of the unreasonably dangerous condition;

d.   The U-Haul Defendants and their employees and agents knew, or should have
     known, that the U-Haul trailer, Plate Number 1039ZF had not been properly
     inspected before the trip June 29, 2019 trip, but failed to correct or warn of the lack
     of a proper inspection;

E-FILED 2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

e.   The U-Haul Defendants and their employees and agents knew, or should have known, that the U-Haul trailer, Plate Number 1039ZF, had not been properly maintained before the June 29, 2019 mechanical failure, but failed to correct or warn of the lack of proper maintenance;

f.   The U-Haul Defendants and their employees and agents knew, or should have known, that the unreasonably dangerous condition of the U-Haul trailer, Plate Number 1039ZF, would foreseeably cause Plaintiffs' injuries and damages, but failed to correct or warn of the unreasonably dangerous condition;

g.   The U-Haul Defendants and their employees and agents failed to exercise reasonable care in the inspection, maintenance, and repair of the U-Haul trailer, Plate Number 1039ZF;

h.   The U-Haul Defendants failed to properly train their employees and agents relating to its interstate trailer operation, including, but not limited to, the proper inspection, maintenance and repair of the U-Haul trailer, Plate Number 1039ZF;

i.   The U-Haul Defendants failed to properly supervise their employees and agents relating to its interstate trailer operation, including, but not limited to, the proper inspection, maintenance and repair of the U-Haul trailer, Plate Number 1039ZF;

j.   The U-Haul Defendants were negligent in the hiring of their employees and agents responsible for its interstate trailer operation, including, but not limited to, the proper inspection, maintenance and repair of the U-Haul trailer, Plate Number 1039ZF;

k.   The U-Haul Defendants and their employees and agents failed to act as reasonable persons under the same or similar circumstances; and

l.   The U-Haul Defendants and their employees and agents failed to promulgate, implement and enforce rules, regulations and safety systems to avoid mechanical failures such as that which form the basis of this instant lawsuit.

36.   Furthermore, the defect that caused the mechanical failure was not one that could easily or readily be discovered by the untrained, unsophisticated renter.

37.   As a proximate result of the aforesaid, Plaintiffs received severe and permanent physical, mental and emotional damages and have and will incur in the future, doctor, hospital and related medical expenses, lost wages; has and will suffer pain and mental anguish.

**WHEREFORE**, the Plaintiffs, respectfully requests the Court to enter judgment in their favor and against The U-Haul Defendants, in an amount which would fairly and reasonably

compensate the Plaintiffs for their injuries and damages, together with interest thereon at the maximum legal rate, costs of this action, and such other and further relief as this Court deems appropriate.

### COUNT II: FAILURE TO WARN – THE U-HAUL DEFENDANTS

COMES NOW the Plaintiffs, and in support of their cause of action set forth in Count II against The U-Haul Defendants, states:

38.   The Plaintiffs re-allege and adopt each of the allegations asserted above as if fully set forth herein.

39.   The U-Haul trailer, Plate Number 1039ZF, was further rendered unreasonably dangerous because an adequate warning about the trailer was not provided to consumers when the trailer left the control of the U-Haul Defendants.

40.   The U-Haul trailer, Plate Number 1039ZF, possessed characteristics, as more fully described above, which caused damage and the U-Haul Defendants failed to use reasonable care to provide an adequate warning of such characteristics and its danger to users and handlers of the trailer.

41.   At the time of the incident that is the subject of this lawsuit, the U-Haul trailer was dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics.

42.   Users or handlers of the U-Haul trailer, such as the Plaintiffs, did not know and should not have been expected to know of the characteristics of the trailer that had the potential to cause damage and/or the dangers of such characteristics.

E-FILED 2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

43.    The U-Haul Defendants are liable for their failure to warn, the ensuing injuries to Plaintiffs Elizabeth and Abigale and damages sustained in an amount to be determined at trial.

44.    The above acts and omissions as described above by the U-Haul Defendants resulted in the defective condition of the trailer that was foreseeable to the U-Haul Defendants and was the proximate cause of the Plaintiffs' injuries and damages.

45.    As a proximate result of the aforesaid, Plaintiffs received severe and permanent physical, mental and emotional damages and have and will incur in the future, doctor, hospital and related medical expenses, lost wages; has and will suffer pain and mental anguish.

**WHEREFORE**, the Plaintiffs, respectfully requests the Court to enter judgment in their favor and against The U-Haul Defendants, in an amount which would fairly and reasonably compensate the Plaintiffs for their injuries and damages, together with interest thereon at the maximum legal rate, costs of this action, and such other and further relief as this Court deems appropriate.

## COUNT III – STRICT LIABILITY -U-HAUL DEFENDANTS

COMES NOW the Plaintiffs, and in support of their cause of action set forth in Count III against The U-Haul Defendants, states:

46.    The Plaintiffs re-allege and adopt each of the allegations asserted above as if fully set forth herein.

47.    At all times relevant hereto, the U-Haul Defendants were actively engaged in the business of leasing, distributing, installing, and maintaining trucks, trailers similar to the U-Haul 4x8 utility trailer, VA License Plate number 1039ZF, VIN number 14HUO81084PUV2727 installed on Plaintiff Elizabeth's vehicle.

48.    U-Haul Defendants supplied, sold, warranted and placed on the market and into the stream of commerce a defective product that was unreasonably dangerous, knowing that the trailer would reach consumers without substantial change in the condition in which it was sold and that, at the time the trailer left the U-Haul Defendants control, the trailer was defective and in an unreasonably dangerous condition.

49.    On June 29, 2019, Plaintiff Elizabeth was using the trailer for the purposes for which it was reasonably and foreseeably intended and was involved in a motor vehicle accident which was likewise reasonably foreseeable.

50.    That the U-Haul 4x8 utility trailer, VA License Plate number 1039ZF, VIN number 14HUO81084PUV2727 was defective and unreasonably dangerous for, among others, the following reasons:

    a.  Said U-Haul trailer was defective and unreasonably dangerous because the trailer was not reasonably maintained: specifically, there was a pre-existing axle fracture around a majority of the shaft's circumference, which ultimately led to the failure of the shaft and the wheel and tire of the U-Haul trailer becoming wedged in the fender, causing the trailer to pitch to the right and Plaintiff Elizabeth's vehicle to pitch to the left.

51.    U-Haul Defendants knew, or in the exercise of reasonable ordinary care should have known, that the trailer and its components thereof were in a defective condition which rendered it unreasonably dangerous for reasonably foreseeable use and consumption.

52.    The above acts and omissions resulted in the defective condition of the trailer that was the proximate cause of the Plaintiffs severe and permanent physical, mental and emotional damages suffered and will continue to suffer in the future.

**WHEREFORE**, the Plaintiffs, respectfully requests the Court to enter judgment in their favor and against The U-Haul Defendants, in an amount which would fairly and reasonably compensate the Plaintiffs for their injuries and damages, together with interest thereon at the

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

maximum legal rate, costs of this action, and such other and further relief as this Court deems appropriate.

## JURY DEMAND

The above-named Defendants are hereby notified Plaintiffs demand trial by jury on all issues presented in this Petition at Law.

Respectfully submitted,

Christopher Johnston AT0012625
Thomas P. Tully  AT0011150
The Law Group of Iowa
*A Johnston Martineau LLP Company*
7900 Hickman Road, Suite 200
Windsor Heights, IA 50324
Phone: (515) 493-4878
Fax:    (515) 414-7782
Email: Tully@JMLegal.com
Email: CJohnston@JMLegal.com

**ATTORNEYS FOR PLAINTIFFS**

# EXHIBIT B

## Affidavits of Service

E-FILED 2021 JUN 17 2:16 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

**Dane County Civil Process, LLC**
345 W Washington Ave Suite 323
Madison, WI 53703

**INVOICE: 5751195**
Issued: Jun 7, 2021

**Johnston Martineau PLLP**
Christopher P. Martineau
2233 Hamline Ave N Suite 102
Saint Paul, MN 55113

PAY TO:
**Dane County Civil Process, LLC**
345 W Washington Ave Suite 323
Madison, WI 53703

| Case: LACV121759 | Plaintiff / Petitioner: Elizabeth Dickerhoff et al |
|---|---|
| Job: 5751195 | Defendant / Respondent: Amerco et al |

| Item | Description | Cost | Quantity | Total |
|---|---|---|---|---|
| Dane Co. | U-Haul Company of WI, Inc. | $45.00 | 1 | $45.00 |

| Thanks for choosing Dane County Civil Process, LLC. You may pay your invoice online! Simply visit our website at www.danecountycivilprocess.com and use the Paypal link located at the bottom of the page. | Total: | $45.00 |
|---|---|---|
| | Amount Paid: | ($0.00) |
| | **Balance Due:** | **$45.00** |

Dane County Civil Process, LLC · 345 W Washington Ave Suite 323, Madison, WI 53703

Call: 608-849-6420 · Email: danecountycivilprocess@yahoo.com · Visit: www.danecountycivilprocess.com

## AFFIDAVIT OF SERVICE

| Case: LACV121759 | Court: Iowa District Court in and for Pottawattamie County | County: Pottawattamie | Job: 5751195 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Elizabeth Dickerhoff et al | | **Defendant / Respondent:** Amerco et al | |
| **Received by:** Dane County Civil Process, LLC | | **For:** Johnston Martineau PLLP | |
| **To be served upon:** U-Haul Company of WI, Inc. | | | |

I, Michael Jesse, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**    Jesse Dahlke, CSR, U-Haul Company of WI, Inc., c/o CT Corporation System, Company: 301 S Bedford St Suite 1, Madison, WI 53703

**Manner of Service:**    Registered Agent, Jun 4, 2021, 8:50 am CDT

**Documents:**    Original Notice (Received Jun 3, 2021 at 4:00pm CDT), Petition at Law and Jury Demand

**Additional Comments:**
1) Successful Attempt: Jun 4, 2021, 8:50 am CDT at Company: 301 S Bedford St Suite 1, Madison, WI 53703 received by Jesse Dahlke, CSR, U-Haul Company of WI, Inc., c/o CT Corporation System. Age: 35-40; Ethnicity: Caucasian; Gender: Male; Weight: 160; Height: 5'7"; Hair: Brown; Served.

**Fees:**   $45.00

_____

Michael Jesse

Dane County Civil Process, LLC
345 W Washington Ave Suite 323
Madison, WI 53703
608-906-2917

06/07/2021

**Date**

Subscribed and sworn to before me by the affiant who is personally known to me.

_____

**Notary Public**

06/07/2021          July 02, 2022

**Date**          **Commission Expires**

DAVID OVERLIN
NOTARY
PUBLIC
STATE OF WISCONSIN

E-FILED  2021 JUN 17 2:16 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

E-FILED  2021 JUN 17 2:16 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

## **AFFIDAVIT OF SERVICE**

| State of Iowa | **County of Pottawattamie** | **District Court** |
|---|---|---|

Case Number: LACV121759

Plaintiff:
**ELIZABETH DICKERHOFF, ET AL.**

vs.

Defendant:
**AMERCO, ET AL.**

For:
Johnston & Martineau PLLP
2233Hamline Ave North Suite 102
Saint paul, MN 5113

Received by SOUTHEAST WISCONSIN PROCESS, LLC to be served on **U-HAUL MOVING & STORAGE AT APPLETON AVE, 7677 W APPLETON AVE, MILWAUKEE, WI 53222**.

I, Shannon Gutierrez, being duly sworn, depose and say that on the **7th day of June, 2021** at **6:33 pm, I:**

Served the within named corporation by delivering  the **Original Notice & Petition at Law and Jury Demand** with the date and hour of service endorsed thereon by me to JANE DOE as FRONT DESK/ AUTHORIZED of the within named corporation, in compliance with State Statutes.

**Description** of Person Served: Age: 30s, Sex: F, Race/Skin Color: Black, Height: 5'6", Weight: 140, Hair: Brown, Glasses: N

I certify that I am over the age of 18, I am a resident of the State of Wisconsin and have no interest in the above action.

Subscribed and Sworn before me on the 8th day of
June, 2021 in Waukesha, State of Wisconsin

_____
NOTARY PUBLIC
My Commission Expires  1/10/23

**Shannon Gutierrez**
Process Server

**SOUTHEAST WISCONSIN PROCESS, LLC**
707 W. Moreland Blvd., Suite 2
Waukesha, WI 53188
**(262) 650-8904**

Our Job Serial Number: MDN-2021005588
Service Fee: $50.00

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.0n



# EXHIBIT C

# Entire State Court File

 **CT Corporation**

**Service of Process Transmittal**
06/30/2021
CT Log Number 539827876

**TO:**   Dave McGee, Operations Manager
U-Haul International, Inc.
2721 N CENTRAL AVE
PHOENIX, AZ 85004-1127

**RE:**   **Process Served in Nevada**

**FOR:**   AMERCO  (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Elizabeth Dickerhoff And Abigail Davidson, Pltfs. vs. Amerco, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Original Notice, Attachment(s), Petition |
| **COURT/AGENCY:** | Pottawattamie County - District Court, IA<br>Case # LACV121759 |
| **NATURE OF ACTION:** | Personal Injury - 06/29/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/30/2021 at 09:22 |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | Within 60 days after service |
| **ATTORNEY(S) / SENDER(S):** | Christopher Johnston<br>Johnston Martineau, LLP<br>7900 Hickman Rd.<br>Ste 200<br>Windsor Heights, IA 50324<br>515-493-4878 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/30/2021, Expected Purge Date: 07/10/2021 |
| | Image SOP |
| | Email Notification,  Meg Grove  meg_grove@uhaul.com |
| | Email Notification,  Marsha Evans  marsha_evans@uhaul.com |
| | Email Notification,  Dave McGee  dave_mcgee@uhaul.com |
| | Email Notification,  Malinda Sutter  malinda_sutter@uhaul.com |
| | Email Notification,  Joanna Morales  joanna_morales@uhaul.com |
| | Email Notification,  Shannen Allen  shannen_allen@uhaul.com |
| | Email Notification,  Lance Arnott  sopverification@wolterskluwer.com |

 **CT Corporation**

**Service of Process Transmittal**
06/30/2021
CT Log Number 539827876

**TO:**    Dave McGee, Operations Manager
U-Haul International, Inc.
2721 N CENTRAL AVE
PHOENIX, AZ 85004-1127

**RE:**    **Process Served in Nevada**

**FOR:**    AMERCO  (Domestic State: NV)

**REGISTERED AGENT ADDRESS:**    C T Corporation System
701 S. Carson Street
Suite 200
Carson City, NV 89701
877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| ELIZABETH DICKERHOFF AND ABIGAIL DAVIDSON, | LAW NO. LACV121759 |
| Plaintiff | |
| Vs. | **ORIGINAL NOTICE** |
| AMERCO, U-HAUL INTERNATIONAL, INC., U-HAUL CO. OF WISCONSIN, INC. AND U-HAUL MOVING & STORAGE AT APPLETON AVENUE | |

TO THE ABOVE-NAMED DEFENDANT:     AMERCO
%Registered Agent – CT Corporation System
701 S. Carson Street, Ste 200
Carson City, NV 89701

You are notified that a petition has been filed in the office of the Pottawattamie County clerk of this court naming you as the defendant in this action. A copy of the petition is attached to this notice. The names and addresses of the attorneys for the plaintiff are Christopher Johnston and Thomas P. Tully of Johnston Martineau, LLP, 7900 Hickman Rd., Ste 200, Windsor Heights, IA 50324. The attorney's telephone number is (515) 493-4878. The facsimile number is (515) 414-7782.

You must serve a motion or answer within 60 days after service of this original notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Pottawattamie County, at the county courthouse in Council Bluffs, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 286-3394. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

CLERK OF COURT
Pottawattamie County Courthouse
227 S. 6th Street
Council Bluffs, IA 51501

**IMPORTANT:** YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOU INTERESTS.

E-FILED 2021 MAY 27 10:38 AM POTTAWATTAMIE - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.*  **LACV121759**
*County*  **Pottawattamie**

*Case Title*   DICKERHOFF/DAVIDSON VS AMERCO ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(712) 328-5883** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **05/27/2021 10:38:03 AM**



*District Clerk of* Pottawattamie    County
**/s/ Teresa Mace**

E-FILED 2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| ELIZABETH DICKERHOFF AND ABIGAIL DAVIDSON, | LAW NO. LACV121759 |
| Plaintiff | |
| Vs. | **PETITION AT LAW AND JURY DEMAND** |
| AMERCO, U-HAUL INTERNATIONAL, INC. AND U-HAUL CO. OF WISCONSIN, INC. and U-HAUL MOVING & STORAGE AT APPLETON AVENUE | |

**COMES NOW** the Plaintiffs, by and through the undersigned, and in support of their cause of action against the Defendants Amerco, U-Haul International, Inc. U-Haul Co. of Wisconsin, Inc., and U-Haul Moving & Storage at Appleton Avenue states:

## JURISDICTIONAL AND FACTUAL ALLEGATIONS

1.      Plaintiff Elizabeth Dickerhoff (hereinafter referred to as Plaintiff Elizabeth) is an individual who at all times material hereto resided in Erie, Weld County, Colorado.

2.      Plaintiff Abigail Dickerhoff (hereinafter referred to as Plaintiff Abigail) is an individual who at all times material hereto resided in Erie, Weld County, Colorado.

3.      Defendant AMERCO [hereinafter "AMERCO"], is the parent company for Defendant U-Haul International, Inc. and Defendant U-Haul Co. of Wisconsin, Inc. Defendant AMERCO, through its subsidiaries, including Defendant U-Haul International, Inc. and Defendant U-Haul Co. of Wisconsin, Inc., offers rental of trucks and trailers to "do-it-yourself" moving and storage customers. Defendant AMERCO is a Nevada domestic corporation with its principal place of business in Phoenix, Arizona. At all times herein relevant, Defendant AMERCO was engaged in the business of manufacturing, distributing, promoting, advertising, selling and leasing trailers throughout the United States, the State of Wisconsin, and in the State of Iowa. Defendant

AMERCO has substantial and continuing contacts with the State of Iowa and derives substantial income from the State of Iowa.

4.      Defendant U-Haul International, Inc., [hereinafter Defendant "UHI"], is a Nevada for-profit corporation with its principal place of business in Phoenix, Arizona. Defendant UHI maintains the largest rental fleet in the "do-it-yourself" moving industry, which includes trucks, trailers and towing devices. The annual mileage driven on North American roads by Defendant UHI's trucks, trailers and tow dollies would move a family to the moon and back more than 9.9 times per day, every day of the year; the equivalent of traveling around the Earth 177 times per day, every day of the year according to Defendant UHI.

5.      Defendant UHI is a consolidated subsidiary of AMERCO. At all times pertinent to this Petition, Defendant UHI was, and remains, the parent corporation exercising control over all U-Haul corporate subsidiaries, including U-Haul Co. of Wisconsin, Inc., and U-Haul Moving & Storage at Appleton Avenue. Defendant UHI's website also has provided a definition of "U-Haul" as U-Haul International, Inc. and its respective subsidiaries, insurers, parent, affiliates, agents, and dealers. In that role as the parent corporation exercising control, Defendant UHI was, and remains, the entity responsible for promulgating the policies, procedures, guidelines, practices, protocols and/or training to be followed by all U-Haul corporate subsidiaries, including U-Haul Co. of Wisconsin, Inc., and U-Haul Moving & Storage at Appleton Avenue and their employees and/or agents.

6.      Defendant UHI (either on its own and/or by and through its wholly-owned, consolidated and/or affiliated subsidiaries) was, and remains, in the business of inspecting, maintaining, repairing, and renting U-Haul trailers to consumers throughout the United States.

7.      Defendant UHI, either alone and/or by and through its wholly-owned, consolidated

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

and/or affiliated subsidiaries, transacts business in the State of Iowa and derives substantial revenue from business in the State of Iowa.

8.      Furthermore, because Defendant UHI maintains a registered agent to transact business in the State of Nevada, UHI may be served by delivering Summons and the Complaint upon its registered agent, CT Corporation System, located at 701 S. Carson Street, Suite 200, Carson City, Nevada 89701.

9.      In addition to the above, at all times relevant hereto, Defendant UHI was engaged in the business of manufacturing, distributing, promoting, advertising, selling and leasing trailers through a network of licensees, including U-Haul Co. of Wisconsin, Inc., and U-Haul Moving & Storage at Appleton Avenue, as well as licensees throughout the United States and in the State of Iowa.

10.     Defendant U-Haul Co. of Wisconsin, Inc. (hereinafter referred to as Defendant "UHW"), is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. That Defendant AMERCO is the parent company for Defendant UHW.  Defendant UHW at all times relevant was engaged in the business of manufacturing, distributing, promoting, advertising, selling and leasing trailers throughout the United States and the State of Wisconsin through a network of licensees within the State of Wisconsin.

11.     At all times relevant hereto, Defendant U-Haul Moving & Storage at Appleton Avenue, 7677 W. Appleton Avenue, Milwaukee, WI was located and doing business at 7677 West Appleton Avenue, Milwaukee, WI 53222 and was engaged in in the business of leasing, installing, maintaining, promoting and advertising trailers to be used on roads, highways, and Interstates throughout the United States and elsewhere.  Defendant U-Haul Moving & Storage at Appleton Avenue does business in the State of Wisconsin with full knowledge that the trailers it rents will be

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

driving on roads, highways, and Interstates throughout the United States and elsewhere, including the State of Iowa.

12.     Upon information and belief, Plaintiffs contend that at all times mentioned herein, Defendants AMERCO, UHI, UHW, and U-Haul Moving & Storage at Appleton Avenue (hereinafter collectively referred to as the "U-Haul Defendants") were acting as agents of the other, and at all times mentioned were acting within the scope of said agency and with full knowledge, permission and consent of the other Defendant(s) throughout the United States and the State of Iowa.  In addition, each of the acts and/or omissions of each Defendant alleged herein were made known to the other Defendant(s).

13.     On June 29, 2019, Plaintiff Elizabeth rented a U-Haul 4x8 utility trailer, VA License Plate number 1039ZF, VIN number 14HUO81084PUV2727, from U-Haul Moving & Storage at Appleton Avenue, 7677 W. Appleton Avenue, Milwaukee, WI, who is believed to be an Agent, partner, employee and/or servant of Defendants AMERCO, UHI, and UHW.

14.     On June 29, 2019, Defendants were aware and consented to Plaintiff Elizabeth driving the at-issue trailer from Wisconsin to Broomfield, Colorado.

15.     That prior to the June 29, 2019, rental of the at-issue trailer, the U-Haul Defendants' employee(s) and/or agents, while acting in the course and scope of their employment and/or agency for the U-Haul Defendants either failed to inspect, or negligently inspected the at-issue trailer for any maintenance defects that made renting the at-issue trailer unsafe.

16.     That prior to the June 29, 2019, rental of the at-issue trailer, the U-Haul Defendants either did, or should have provided training and supervision over the U-Haul Defendants, and their agents, on proper trailer maintenance, including the inspection of wheel ends and axels.

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

17.    That on this date, June 29, 2019, Defendant UHI retained all duties as franchisee to properly maintain its equipment, including, but not limited to, the at-issue U-Haul 4x8 utility trailer, VA License Plate number 1039ZF, VIN number 14HUO81084PUV2727.

18.    On June 29, 2019, Plaintiff Elizabeth was driving a vehicle owned by her, a 2004 Ford Escape and was pulling the U-Haul Defendants' trailer, Plate number 1039ZF, west on Interstate 80 in Pottawattamie County, Iowa at approximately Mile Marker 46.6.

19.    On June 29, 2019, Plaintiff Abigail was a passenger in Plaintiff Elizabeth's (her Mother) vehicle.

20.    As Plaintiff Elizabeth's vehicle approached Mile Marker 46.6, Defendants' trailer, without prior warning, suffered mechanical failure to its passenger side wheel resulting in the wheel being unable to freely rotate and causing Plaintiff Elizabeth's vehicle to veer to the left, cross over the median, across the eastbound lanes, and off the roadway.  Plaintiff Elizabeth's vehicle and trailer rolled, became detached from one another, and then came to rest in a field off the shoulder of the east bound lanes with Plaintiff Elizabeth's vehicle subsequently catching fire.

21.    Examination of the at-issue axle revealed a pre-existing (the fracture existed prior to failure) fracture around a majority of the shaft's circumference, which ultimately led to the failure of the shaft and the wheel and tire of the U-Haul trailer becoming wedged in the fender, causing the trailer to pitch to the right and Plaintiff Elizabeth's vehicle to pitch to the left.

22.    That this mechanical failure described in the above paragraph was the result of a defect, only identifiable by a mechanically trained eye of the U-Haul Defendants and their employees, and not an ordinary user or handler of the trailer, with ordinary knowledge common to the community.

E-FILED 2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

23.     That upon visual inspection after the at-issue crash, the level of rust and corrosion on the at-issue trailer frame, axle and wheel bearing/hub assemblies was consistent and suggested that the wheel hub assemblies had never been serviced by the U-Haul Defendants (replaced) over the 15 years the trailer had been used.

24.     That upon further inspection, the grease in the bearing of the at-issue axle was solidifying which indicated that the grease was of old age; likely confirming the U-Haul Defendants had not serviced the axle and wheel bearing/hub assembly.

25.     That at the time of visual inspection, the U-Haul Defendants refused to provide service literature for the at-issue trailer's axle involved in the crash.

26.     That upon information and belief, a properly maintained trailer would have not suffered the mechanical failure described above that resulted in the Plaintiffs' injuries.

27.     At the time of the mechanical failure referred to herein, the U-Haul trailer was being used as intended and in a manner reasonably foreseeable to the U-Haul Defendants.

28.     As a result of U-Haul Defendants Trailer's mechanical failure described above, Plaintiffs Elizabeth and Abigail sustained permanent injuries to their bodies.

29.     This Court has jurisdiction over the parties and subject matter as the crash happened in the County of Pottawattamie, and the State of Iowa.

30.     The amount in controversy exceeds the minimum jurisdictional amount of this Court.

31.     Venue is proper pursuant to Iowa Code §616.18

### COUNT I: NEGLIGENCE – U-HAUL DEFENDANTS

COMES NOW the Plaintiffs, and in support of their cause of action set forth in Count I against The U-Haul Defendants, states:

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

32.    Plaintiffs re-plead and re-allege each of the allegations set forth in

Paragraphs 1 through 31 of the Jurisdictional and Factual Allegations of this Petition at Law

and incorporates the same by reference as though fully set forth herein.

33.    That at all times relevant hereto, the U-Haul Defendants were actively

engaged in the business of leasing, distributing, installing, and maintaining trucks and

trailers, similar to the U-Haul trailer, Plate Number 1039ZF rented by Plaintiff Elizabeth.

34.    That it was the duty of the U-Haul Defendants, either solely or combined to

exercise reasonable care to maintain the subject U-Haul trailer, Plate Number 1039ZF, in a

reasonably safe condition, free from unreasonably dangerous conditions or defects.

35.    That in derogation of its said duty, regarding the maintenance of the subject

U-Haul utility trailer, the U-Haul Defendants, by and through its employees, agents and/or

servants, acting within the scope of their employment, agency and/or service on behalf of

the U-Haul Defendants, either solely or combined, was negligent in one or more of the

following respects:

a.   The U-Haul Defendants and their employees and agents breached their duty to systematically inspect, repair and maintain the U-Haul trailer, Plate Number 1039ZF, before the June 29, 2019 mechanical failure;

b.   The U-Haul Defendants and their employees and agents breached their duty to properly maintain the U-Haul trailer, Plate Number 1039ZF, before the June 29, 2019 mechanical failure;

c.   The U-Haul Defendants and their employees and agents knew, or should have known, of the unreasonably dangerous condition of the U-Haul trailer, Plate Number 1039ZF, which caused Plaintiffs' injuries and damages, but failed to correct or warn of the unreasonably dangerous condition;

d.   The U-Haul Defendants and their employees and agents knew, or should have known, that the U-Haul trailer, Plate Number 1039ZF had not been properly inspected before the trip June 29, 2019 trip, but failed to correct or warn of the lack of a proper inspection;

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

e.  The U-Haul Defendants and their employees and agents knew, or should have known, that the U-Haul trailer, Plate Number 1039ZF, had not been properly maintained before the June 29, 2019 mechanical failure, but failed to correct or warn of the lack of proper maintenance;

f.  The U-Haul Defendants and their employees and agents knew, or should have known, that the unreasonably dangerous condition of the U-Haul trailer, Plate Number 1039ZF, would foreseeably cause Plaintiffs' injuries and damages, but failed to correct or warn of the unreasonably dangerous condition;

g.  The U-Haul Defendants and their employees and agents failed to exercise reasonable care in the inspection, maintenance, and repair of the U-Haul trailer, Plate Number 1039ZF;

h.  The U-Haul Defendants failed to properly train their employees and agents relating to its interstate trailer operation, including, but not limited to, the proper inspection, maintenance and repair of the U-Haul trailer, Plate Number 1039ZF;

i.  The U-Haul Defendants failed to properly supervise their employees and agents relating to its interstate trailer operation, including, but not limited to, the proper inspection, maintenance and repair of the U-Haul trailer, Plate Number 1039ZF;

j.  The U-Haul Defendants were negligent in the hiring of their employees and agents responsible for its interstate trailer operation, including, but not limited to, the proper inspection, maintenance and repair of the U-Haul trailer, Plate Number 1039ZF;

k.  The U-Haul Defendants and their employees and agents failed to act as reasonable persons under the same or similar circumstances; and

l.  The U-Haul Defendants and their employees and agents failed to promulgate, implement and enforce rules, regulations and safety systems to avoid mechanical failures such as that which form the basis of this instant lawsuit.

36.  Furthermore, the defect that caused the mechanical failure was not one that could easily or readily be discovered by the untrained, unsophisticated renter.

37.  As a proximate result of the aforesaid, Plaintiffs received severe and permanent physical, mental and emotional damages and have and will incur in the future, doctor, hospital and related medical expenses, lost wages; has and will suffer pain and mental anguish.

**WHEREFORE**, the Plaintiffs, respectfully requests the Court to enter judgment in their favor and against The U-Haul Defendants, in an amount which would fairly and reasonably

E-FILED 2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

compensate the Plaintiffs for their injuries and damages, together with interest thereon at the maximum legal rate, costs of this action, and such other and further relief as this Court deems appropriate.

## COUNT II: FAILURE TO WARN – THE U-HAUL DEFENDANTS

COMES NOW the Plaintiffs, and in support of their cause of action set forth in Count II against The U-Haul Defendants, states:

38.   The Plaintiffs re-allege and adopt each of the allegations asserted above as if fully set forth herein.

39.   The U-Haul trailer, Plate Number 1039ZF, was further rendered unreasonably dangerous because an adequate warning about the trailer was not provided to consumers when the trailer left the control of the U-Haul Defendants.

40.   The U-Haul trailer, Plate Number 1039ZF, possessed characteristics, as more fully described above, which caused damage and the U-Haul Defendants failed to use reasonable care to provide an adequate warning of such characteristics and its danger to users and handlers of the trailer.

41.   At the time of the incident that is the subject of this lawsuit, the U-Haul trailer was dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics.

42.   Users or handlers of the U-Haul trailer, such as the Plaintiffs, did not know and should not have been expected to know of the characteristics of the trailer that had the potential to cause damage and/or the dangers of such characteristics.

43.     The U-Haul Defendants are liable for their failure to warn, the ensuing injuries to

Plaintiffs Elizabeth and Abigale and damages sustained in an amount to be determined at

trial.

44.     The above acts and omissions as described above by the U-Haul Defendants resulted in

the defective condition of the trailer that was foreseeable to the U-Haul Defendants and

was the proximate cause of the Plaintiffs' injuries and damages.

45.     As a proximate result of the aforesaid, Plaintiffs received severe and permanent physical,

mental and emotional damages and have and will incur in the future, doctor, hospital and

related medical expenses, lost wages; has and will suffer pain and mental anguish.

**WHEREFORE**, the Plaintiffs, respectfully requests the Court to enter judgment in their favor

and against The U-Haul Defendants, in an amount which would fairly and reasonably

compensate the Plaintiffs for their injuries and damages, together with interest thereon at the

maximum legal rate, costs of this action, and such other and further relief as this Court deems

appropriate.

### COUNT III – STRICT LIABILITY -U-HAUL DEFENDANTS

COMES NOW the Plaintiffs, and in support of their cause of action set forth in Count

III against The U-Haul Defendants, states:

46.     The Plaintiffs re-allege and adopt each of the allegations asserted above as if fully set forth

herein.

47.     At all times relevant hereto, the U-Haul Defendants were actively engaged in the business of

leasing, distributing, installing, and maintaining trucks, trailers similar to the U-Haul 4x8

utility trailer, VA License Plate number 1039ZF, VIN number 14HUO81084PUV2727

installed on Plaintiff Elizabeth's vehicle.

48.     U-Haul Defendants supplied, sold, warranted and placed on the market and into the stream of commerce a defective product that was unreasonably dangerous, knowing that the trailer would reach consumers without substantial change in the condition in which it was sold and that, at the time the trailer left the U-Haul Defendants control, the trailer was defective and in an unreasonably dangerous condition.

49.     On June 29, 2019, Plaintiff Elizabeth was using the trailer for the purposes for which it was reasonably and foreseeably intended and was involved in a motor vehicle accident which was likewise reasonably foreseeable.

50.     That the U-Haul 4x8 utility trailer, VA License Plate number 1039ZF, VIN number 14HUO81084PUV2727 was defective and unreasonably dangerous for, among others, the following reasons:

   a.   Said U-Haul trailer was defective and unreasonably dangerous because the trailer was not reasonably maintained: specifically, there was a pre-existing axle fracture around a majority of the shaft's circumference, which ultimately led to the failure of the shaft and the wheel and tire of the U-Haul trailer becoming wedged in the fender, causing the trailer to pitch to the right and Plaintiff Elizabeth's vehicle to pitch to the left.

51.     U-Haul Defendants knew, or in the exercise of reasonable ordinary care should have known, that the trailer and its components thereof were in a defective condition which rendered it unreasonably dangerous for reasonably foreseeable use and consumption.

52.     The above acts and omissions resulted in the defective condition of the trailer that was the proximate cause of the Plaintiffs severe and permanent physical, mental and emotional damages suffered and will continue to suffer in the future.

**WHEREFORE,** the Plaintiffs, respectfully requests the Court to enter judgment in their favor and against The U-Haul Defendants, in an amount which would fairly and reasonably compensate the Plaintiffs for their injuries and damages, together with interest thereon at the

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

maximum legal rate, costs of this action, and such other and further relief as this Court deems appropriate.

## JURY DEMAND

The above-named Defendants are hereby notified Plaintiffs demand trial by jury on all issues presented in this Petition at Law.

Respectfully submitted,

Christopher Johnston AT0012625
Thomas P. Tully  AT0011150
The Law Group of Iowa
*A Johnston Martineau LLP Company*
7900 Hickman Road, Suite 200
Windsor Heights, IA 50324
Phone: (515) 493-4878
Fax:   (515) 414-7782
Email: Tully@JMLegal.com
Email: CJohnston@JMLegal.com

**ATTORNEYS FOR PLAINTIFFS**

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| ELIZABETH DICKERHOFF AND ABIGAIL DAVIDSON, | LAW NO. _____ |
| Plaintiff | |
| Vs. | **ORIGINAL NOTICE** |
| AMERCO, U-HAUL INTERNATIONAL, INC., U-HAUL CO. OF WISCONSIN, INC. AND U-HAUL MOVING & STORAGE AT APPLETON AVENUE | |

TO THE ABOVE-NAMED DEFENDANT:     U-Haul Co. of Wisconsin, Inc.
%Registered Agent – CT Corporation System
301 S. Bedford St., Suite 1
Madison, WI  53703

You are notified that a petition has been filed in the office of the Pottawattamie County clerk of this court naming you as the defendant in this action.  A copy of the petition is attached to this notice.  The names and addresses of the attorneys for the plaintiff are Christopher Johnston and Thomas P. Tully of Johnston Martineau, LLP, 7900 Hickman Rd., Ste 200, Windsor Heights, IA  50324. The attorney's telephone number is (515) 493-4878. The facsimile number is (515) 414-7782.

You must serve a motion or answer within 60 days after service of this original notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Pottawattamie County, at the county courthouse in Council Bluffs, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 286-3394.  Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942).  **Disability coordinators cannot provide legal advice.**

_____
CLERK OF COURT
Pottawattamie County Courthouse
227 S. 6th Street
Council Bluffs, IA  51501

**IMPORTANT:**  YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOU INTERESTS.

E-FILED  2021 MAY 27 10:38 AM POTTAWATTAMIE - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

| | |
|---|---|
| *Case No.* | **LACV121759** |
| *County* | **Pottawattamie** |

*Case Title*    DICKERHOFF/DAVIDSON VS AMERCO ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

---

*Scheduled Hearing:*




---

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(712) 328-5883** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **05/27/2021 10:38:03 AM**



*District Clerk of* Pottawattamie      *County*

**/s/ Teresa Mace**

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| ELIZABETH DICKERHOFF AND ABIGAIL DAVIDSON,<br><br>    Plaintiff<br><br>Vs.<br><br>AMERCO, U-HAUL INTERNATIONAL, INC., U-HAUL CO. OF WISCONSIN, INC. AND U-HAUL MOVING & STORAGE AT APPLETON AVENUE | LAW NO. _____<br><br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT:  AMERCO
%Registered Agent – CT Corporation System
701 S. Carson Street, Ste 200
Carson City, NV 89701

You are notified that a petition has been filed in the office of the Pottawattamie County clerk of this court naming you as the defendant in this action.  A copy of the petition is attached to this notice.  The names and addresses of the attorneys for the plaintiff are Christopher Johnston and Thomas P. Tully of Johnston Martineau, LLP, 7900 Hickman Rd., Ste 200, Windsor Heights, IA  50324. The attorney's telephone number is (515) 493-4878. The facsimile number is (515) 414-7782.

You must serve a motion or answer within 60 days after service of this original notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Pottawattamie County, at the county courthouse in Council Bluffs, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 286-3394.  Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942).  **Disability coordinators cannot provide legal advice.**

_____
CLERK OF COURT
Pottawattamie County Courthouse
227 S. 6th Street
Council Bluffs, IA  51501

**IMPORTANT:**  YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOU INTERESTS.

E-FILED  2021 MAY 27 10:38 AM POTTAWATTAMIE - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.* **LACV121759**

*County* **Pottawattamie**

*Case Title*   DICKERHOFF/DAVIDSON VS AMERCO ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(712) 328-5883** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **05/27/2021 10:38:03 AM**



*District Clerk of* Pottawattamie      *County*

**/s/ Teresa Mace**

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| ELIZABETH DICKERHOFF AND ABIGAIL DAVIDSON,<br><br>   Plaintiff<br><br>Vs.<br><br>AMERCO, U-HAUL INTERNATIONAL, INC., U-HAUL CO. OF WISCONSIN, INC. AND U-HAUL MOVING & STORAGE AT APPLETON AVENUE | LAW NO. _____<br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT:     U-Haul International, Inc.
                                              %Registered Agent – CT Corporation System
                                              3800 N. Central Ave., Suite 460
                                              Phoenix, AZ 85012

      You are notified that a petition has been filed in the office of the Pottawattamie County clerk of this court naming you as the defendant in this action.  A copy of the petition is attached to this notice.  The names and addresses of the attorneys for the plaintiff are Christopher Johnston and Thomas P. Tully of Johnston Martineau, LLP, 7900 Hickman Rd., Ste 200, Windsor Heights, IA  50324. The attorney's telephone number is (515) 493-4878. The facsimile number is (515) 414-7782.

      You must serve a motion or answer within 60 days after service of this original notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Pottawattamie County, at the county courthouse in Council Bluffs, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

      If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 286-3394.  Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942).  **Disability coordinators cannot provide legal advice.**

                             _____

                             CLERK OF COURT
                             Pottawattamie County Courthouse
                             227 S. 6th Street
                             Council Bluffs, IA  51501

**IMPORTANT:**  YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOU INTERESTS.

E-FILED  2021 MAY 27 10:38 AM POTTAWATTAMIE - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

| | |
|---|---|
| *Case No.* | **LACV121759** |
| *County* | **Pottawattamie** |

*Case Title*    DICKERHOFF/DAVIDSON VS AMERCO ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(712) 328-5883** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **05/27/2021 10:38:03 AM**



*District Clerk of* Pottawattamie    *County*

**/s/ Teresa Mace**

E-FILED 2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| ELIZABETH DICKERHOFF AND ABIGAIL DAVIDSON,<br><br>    Plaintiff<br><br>Vs.<br><br>AMERCO, U-HAUL INTERNATIONAL, INC., U-HAUL CO. OF WISCONSIN, INC. AND U-HAUL MOVING & STORAGE AT APPLETON AVENUE | LAW NO. _____<br><br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT:        U-Haul Moving & Storage at Appleton Ave.
                                                                          7677 W. Appleton Ave.
                                                                          Milwaukee, WI  53222

        You are notified that a petition has been filed in the office of the Pottawattamie County clerk of this court naming you as the defendant in this action.  A copy of the petition is attached to this notice.  The names and addresses of the attorneys for the plaintiff are Christopher Johnston and Thomas P. Tully of Johnston Martineau, LLP, 7900 Hickman Rd., Ste 200, Windsor Heights, IA  50324. The attorney's telephone number is (515) 493-4878. The facsimile number is (515) 414-7782.

        You must serve a motion or answer within 60 days after service of this original notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Pottawattamie County, at the county courthouse in Council Bluffs, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

        If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 286-3394.  Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**


                                                            _____
                                                            CLERK OF COURT
                                                            Pottawattamie County Courthouse
                                                            227 S. 6th Street
                                                            Council Bluffs, IA  51501


**IMPORTANT:**  YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOU INTERESTS.

E-FILED  2021 MAY 27 10:38 AM POTTAWATTAMIE - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

| | |
|---|---|
| *Case No.* | **LACV121759** |
| *County* | **Pottawattamie** |

*Case Title*    DICKERHOFF/DAVIDSON VS AMERCO ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

| *Scheduled Hearing:* |
|---|
| |

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(712) 328-5883** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued* **05/27/2021 10:38:03 AM**



*District Clerk of* Pottawattamie        *County*

**/s/ Teresa Mace**

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| ELIZABETH DICKERHOFF AND ABIGAIL DAVIDSON, | LAW NO. _____ |
| Plaintiff | |
| Vs. | **PETITION AT LAW AND JURY DEMAND** |
| AMERCO, U-HAUL INTERNATIONAL, INC. AND U-HAUL CO. OF WISCONSIN, INC. and U-HAUL MOVING & STORAGE AT APPLETON AVENUE | |

**COMES NOW** the Plaintiffs, by and through the undersigned, and in support of their cause of action against the Defendants Amerco, U-Haul International, Inc. U-Haul Co. of Wisconsin, Inc., and U-Haul Moving & Storage at Appleton Avenue states:

## **JURISDICTIONAL AND FACTUAL ALLEGATIONS**

1.      Plaintiff Elizabeth Dickerhoff (hereinafter referred to as Plaintiff Elizabeth) is an individual who at all times material hereto resided in Erie, Weld County, Colorado.

2.      Plaintiff Abigail Dickerhoff (hereinafter referred to as Plaintiff Abigail) is an individual who at all times material hereto resided in Erie, Weld County, Colorado.

3.      Defendant AMERCO [hereinafter "AMERCO"], is the parent company for Defendant U-Haul International, Inc. and Defendant U-Haul Co. of Wisconsin, Inc.  Defendant AMERCO, through its subsidiaries, including Defendant U-Haul International, Inc. and Defendant U-Haul Co. of Wisconsin, Inc., offers rental of trucks and trailers to "do-it-yourself" moving and storage customers.  Defendant AMERCO is a Nevada domestic corporation with its principal place of business in Phoenix, Arizona.  At all times herein relevant, Defendant AMERCO was engaged in the business of manufacturing, distributing, promoting, advertising, selling and leasing trailers throughout the United States, the State of Wisconsin, and in the State of Iowa.  Defendant

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

AMERCO has substantial and continuing contacts with the State of Iowa and derives substantial income from the State of Iowa.

4.      Defendant U-Haul International, Inc., [hereinafter Defendant "UHI"], is a Nevada for-profit corporation with its principal place of business in Phoenix, Arizona. Defendant UHI maintains the largest rental fleet in the "do-it-yourself" moving industry, which includes trucks, trailers and towing devices.  The annual mileage driven on North American roads by Defendant UHI's trucks, trailers and tow dollies would move a family to the moon and back more than 9.9 times per day, every day of the year; the equivalent of traveling around the Earth 177 times per day, every day of the year according to Defendant UHI.

5.      Defendant UHI is a consolidated subsidiary of AMERCO.  At all times pertinent to this Petition, Defendant UHI was, and remains, the parent corporation exercising control over all U-Haul corporate subsidiaries, including U-Haul Co. of Wisconsin, Inc., and U-Haul Moving & Storage at Appleton Avenue.  Defendant UHI's website also has provided a definition of "U-Haul" as U-Haul International, Inc. and its respective subsidiaries, insurers, parent, affiliates, agents, and dealers.  In that role as the parent corporation exercising control, Defendant UHI was, and remains, the entity responsible for promulgating the policies, procedures, guidelines, practices, protocols and/or training to be followed by all U-Haul corporate subsidiaries, including U-Haul Co. of Wisconsin, Inc., and U-Haul Moving & Storage at Appleton Avenue and their employees and/or agents.

6.      Defendant UHI (either on its own and/or by and through its wholly-owned, consolidated and/or affiliated subsidiaries) was, and remains, in the business of inspecting, maintaining, repairing, and renting U-Haul trailers to consumers throughout the United States.

7.      Defendant UHI, either alone and/or by and through its wholly-owned, consolidated

E-FILED 2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

and/or affiliated subsidiaries, transacts business in the State of Iowa and derives substantial revenue from business in the State of Iowa.

8.      Furthermore, because Defendant UHI maintains a registered agent to transact business in the State of Nevada, UHI may be served by delivering Summons and the Complaint upon its registered agent, CT Corporation System, located at 701 S. Carson Street, Suite 200, Carson City, Nevada 89701.

9.      In addition to the above, at all times relevant hereto, Defendant UHI was engaged in the business of manufacturing, distributing, promoting, advertising, selling and leasing trailers through a network of licensees, including U-Haul Co. of Wisconsin, Inc., and U-Haul Moving & Storage at Appleton Avenue, as well as licensees throughout the United States and in the State of Iowa.

10.     Defendant U-Haul Co. of Wisconsin, Inc. (hereinafter referred to as Defendant "UHW"), is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. That Defendant AMERCO is the parent company for Defendant UHW. Defendant UHW at all times relevant was engaged in the business of manufacturing, distributing, promoting, advertising, selling and leasing trailers throughout the United States and the State of Wisconsin through a network of licensees within the State of Wisconsin.

11.     At all times relevant hereto, Defendant U-Haul Moving & Storage at Appleton Avenue, 7677 W. Appleton Avenue, Milwaukee, WI was located and doing business at 7677 West Appleton Avenue, Milwaukee, WI 53222 and was engaged in in the business of leasing, installing, maintaining, promoting and advertising trailers to be used on roads, highways, and Interstates throughout the United States and elsewhere. Defendant U-Haul Moving & Storage at Appleton Avenue does business in the State of Wisconsin with full knowledge that the trailers it rents will be

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

driving on roads, highways, and Interstates throughout the United States and elsewhere, including the State of Iowa.

12.     Upon information and belief, Plaintiffs contend that at all times mentioned herein, Defendants AMERCO, UHI, UHW, and U-Haul Moving & Storage at Appleton Avenue (hereinafter collectively referred to as the "U-Haul Defendants") were acting as agents of the other, and at all times mentioned were acting within the scope of said agency and with full knowledge, permission and consent of the other Defendant(s) throughout the United States and the State of Iowa.  In addition, each of the acts and/or omissions of each Defendant alleged herein were made known to the other Defendant(s).

13.     On June 29, 2019, Plaintiff Elizabeth rented a U-Haul 4x8 utility trailer, VA License Plate number 1039ZF, VIN number 14HUO81084PUV2727, from U-Haul Moving & Storage at Appleton Avenue, 7677 W. Appleton Avenue, Milwaukee, WI, who is believed to be an Agent, partner, employee and/or servant of Defendants AMERCO, UHI, and UHW.

14.     On June 29, 2019, Defendants were aware and consented to Plaintiff Elizabeth driving the at-issue trailer from Wisconsin to Broomfield, Colorado.

15.     That prior to the June 29, 2019, rental of the at-issue trailer, the U-Haul Defendants' employee(s) and/or agents, while acting in the course and scope of their employment and/or agency for the U-Haul Defendants either failed to inspect, or negligently inspected the at-issue trailer for any maintenance defects that made renting the at-issue trailer unsafe.

16.     That prior to the June 29, 2019, rental of the at-issue trailer, the U-Haul Defendants either did, or should have provided training and supervision over the U-Haul Defendants, and their agents, on proper trailer maintenance, including the inspection of wheel ends and axels.

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

17.     That on this date, June 29, 2019, Defendant UHI retained all duties as franchisee to properly maintain its equipment, including, but not limited to, the at-issue U-Haul 4x8 utility trailer, VA License Plate number 1039ZF, VIN number 14HUO81084PUV2727.

18.     On June 29, 2019, Plaintiff Elizabeth was driving a vehicle owned by her, a 2004 Ford Escape and was pulling the U-Haul Defendants' trailer, Plate number 1039ZF, west on Interstate 80 in Pottawattamie County, Iowa at approximately Mile Marker 46.6.

19.     On June 29, 2019, Plaintiff Abigail was a passenger in Plaintiff Elizabeth's (her Mother) vehicle.

20.     As Plaintiff Elizabeth's vehicle approached Mile Marker 46.6, Defendants' trailer, without prior warning, suffered mechanical failure to its passenger side wheel resulting in the wheel being unable to freely rotate and causing Plaintiff Elizabeth's vehicle to veer to the left, cross over the median, across the eastbound lanes, and off the roadway.  Plaintiff Elizabeth's vehicle and trailer rolled, became detached from one another, and then came to rest in a field off the shoulder of the east bound lanes with Plaintiff Elizabeth's vehicle subsequently catching fire.

21.     Examination of the at-issue axle revealed a pre-existing (the fracture existed prior to failure) fracture around a majority of the shaft's circumference, which ultimately led to the failure of the shaft and the wheel and tire of the U-Haul trailer becoming wedged in the fender, causing the trailer to pitch to the right and Plaintiff Elizabeth's vehicle to pitch to the left.

22.     That this mechanical failure described in the above paragraph was the result of a defect, only identifiable by a mechanically trained eye of the U-Haul Defendants and their employees, and not an ordinary user or handler of the trailer, with ordinary knowledge common to the community.

E-FILED 2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

23.     That upon visual inspection after the at-issue crash, the level of rust and corrosion on the at-issue trailer frame, axle and wheel bearing/hub assemblies was consistent and suggested that the wheel hub assemblies had never been serviced by the U-Haul Defendants (replaced) over the 15 years the trailer had been used.

24.     That upon further inspection, the grease in the bearing of the at-issue axle was solidifying which indicated that the grease was of old age; likely confirming the U-Haul Defendants had not serviced the axle and wheel bearing/hub assembly.

25.     That at the time of visual inspection, the U-Haul Defendants refused to provide service literature for the at-issue trailer's axle involved in the crash.

26.     That upon information and belief, a properly maintained trailer would have not suffered the mechanical failure described above that resulted in the Plaintiffs' injuries.

27.     At the time of the mechanical failure referred to herein, the U-Haul trailer was being used as intended and in a manner reasonably foreseeable to the U-Haul Defendants.

28.     As a result of U-Haul Defendants Trailer's mechanical failure described above, Plaintiffs Elizabeth and Abigail sustained permanent injuries to their bodies.

29.     This Court has jurisdiction over the parties and subject matter as the crash happened in the County of Pottawattamie, and the State of Iowa.

30.     The amount in controversy exceeds the minimum jurisdictional amount of this Court.

31.     Venue is proper pursuant to Iowa Code §616.18

### COUNT I: NEGLIGENCE – U-HAUL DEFENDANTS

COMES NOW the Plaintiffs, and in support of their cause of action set forth in Count I against The U-Haul Defendants, states:

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

32.      Plaintiffs re-plead and re-allege each of the allegations set forth in Paragraphs 1 through 31 of the Jurisdictional and Factual Allegations of this Petition at Law and incorporates the same by reference as though fully set forth herein.

33.      That at all times relevant hereto, the U-Haul Defendants were actively engaged in the business of leasing, distributing, installing, and maintaining trucks and trailers, similar to the U-Haul trailer, Plate Number 1039ZF rented by Plaintiff Elizabeth.

34.      That it was the duty of the U-Haul Defendants, either solely or combined to exercise reasonable care to maintain the subject U-Haul trailer, Plate Number 1039ZF, in a reasonably safe condition, free from unreasonably dangerous conditions or defects.

35.      That in derogation of its said duty, regarding the maintenance of the subject U-Haul utility trailer, the U-Haul Defendants, by and through its employees, agents and/or servants, acting within the scope of their employment, agency and/or service on behalf of the U-Haul Defendants, either solely or combined, was negligent in one or more of the following respects:

a.   The U-Haul Defendants and their employees and agents breached their duty to systematically inspect, repair and maintain the U-Haul trailer, Plate Number 1039ZF, before the June 29, 2019 mechanical failure;

b.   The U-Haul Defendants and their employees and agents breached their duty to properly maintain the U-Haul trailer, Plate Number 1039ZF, before the June 29, 2019 mechanical failure;

c.   The U-Haul Defendants and their employees and agents knew, or should have known, of the unreasonably dangerous condition of the U-Haul trailer, Plate Number 1039ZF, which caused Plaintiffs' injuries and damages, but failed to correct or warn of the unreasonably dangerous condition;

d.   The U-Haul Defendants and their employees and agents knew, or should have known, that the U-Haul trailer, Plate Number 1039ZF had not been properly inspected before the trip June 29, 2019 trip, but failed to correct or warn of the lack of a proper inspection;

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

e.     The U-Haul Defendants and their employees and agents knew, or should have known, that the U-Haul trailer, Plate Number 1039ZF, had not been properly maintained before the June 29, 2019 mechanical failure, but failed to correct or warn of the lack of proper maintenance;

f.     The U-Haul Defendants and their employees and agents knew, or should have known, that the unreasonably dangerous condition of the U-Haul trailer, Plate Number 1039ZF, would foreseeably cause Plaintiffs' injuries and damages, but failed to correct or warn of the unreasonably dangerous condition;

g.     The U-Haul Defendants and their employees and agents failed to exercise reasonable care in the inspection, maintenance, and repair of the U-Haul trailer, Plate Number 1039ZF;

h.     The U-Haul Defendants failed to properly train their employees and agents relating to its interstate trailer operation, including, but not limited to, the proper inspection, maintenance and repair of the U-Haul trailer, Plate Number 1039ZF;

i.     The U-Haul Defendants failed to properly supervise their employees and agents relating to its interstate trailer operation, including, but not limited to, the proper inspection, maintenance and repair of the U-Haul trailer, Plate Number 1039ZF;

j.     The U-Haul Defendants were negligent in the hiring of their employees and agents responsible for its interstate trailer operation, including, but not limited to, the proper inspection, maintenance and repair of the U-Haul trailer, Plate Number 1039ZF;

k.     The U-Haul Defendants and their employees and agents failed to act as reasonable persons under the same or similar circumstances; and

l.     The U-Haul Defendants and their employees and agents failed to promulgate, implement and enforce rules, regulations and safety systems to avoid mechanical failures such as that which form the basis of this instant lawsuit.

36.    Furthermore, the defect that caused the mechanical failure was not one that could easily or readily be discovered by the untrained, unsophisticated renter.

37.    As a proximate result of the aforesaid, Plaintiffs received severe and permanent physical, mental and emotional damages and have and will incur in the future, doctor, hospital and related medical expenses, lost wages; has and will suffer pain and mental anguish.

**WHEREFORE**, the Plaintiffs, respectfully requests the Court to enter judgment in their favor and against The U-Haul Defendants, in an amount which would fairly and reasonably

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

compensate the Plaintiffs for their injuries and damages, together with interest thereon at the maximum legal rate, costs of this action, and such other and further relief as this Court deems appropriate.

## COUNT II: FAILURE TO WARN – THE U-HAUL DEFENDANTS

COMES NOW the Plaintiffs, and in support of their cause of action set forth in Count II against The U-Haul Defendants, states:

38.    The Plaintiffs re-allege and adopt each of the allegations asserted above as if fully set forth herein.

39.    The U-Haul trailer, Plate Number 1039ZF, was further rendered unreasonably dangerous because an adequate warning about the trailer was not provided to consumers when the trailer left the control of the U-Haul Defendants.

40.    The U-Haul trailer, Plate Number 1039ZF, possessed characteristics, as more fully described above, which caused damage and the U-Haul Defendants failed to use reasonable care to provide an adequate warning of such characteristics and its danger to users and handlers of the trailer.

41.    At the time of the incident that is the subject of this lawsuit, the U-Haul trailer was dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics.

42.    Users or handlers of the U-Haul trailer, such as the Plaintiffs, did not know and should not have been expected to know of the characteristics of the trailer that had the potential to cause damage and/or the dangers of such characteristics.

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

43.     The U-Haul Defendants are liable for their failure to warn, the ensuing injuries to Plaintiffs Elizabeth and Abigale and damages sustained in an amount to be determined at trial.

44.     The above acts and omissions as described above by the U-Haul Defendants resulted in the defective condition of the trailer that was foreseeable to the U-Haul Defendants and was the proximate cause of the Plaintiffs' injuries and damages.

45.     As a proximate result of the aforesaid, Plaintiffs received severe and permanent physical, mental and emotional damages and have and will incur in the future, doctor, hospital and related medical expenses, lost wages; has and will suffer pain and mental anguish.

**WHEREFORE**, the Plaintiffs, respectfully requests the Court to enter judgment in their favor and against The U-Haul Defendants, in an amount which would fairly and reasonably compensate the Plaintiffs for their injuries and damages, together with interest thereon at the maximum legal rate, costs of this action, and such other and further relief as this Court deems appropriate.

## COUNT III – STRICT LIABILITY -U-HAUL DEFENDANTS

COMES NOW the Plaintiffs, and in support of their cause of action set forth in Count III against The U-Haul Defendants, states:

46.     The Plaintiffs re-allege and adopt each of the allegations asserted above as if fully set forth herein.

47.     At all times relevant hereto, the U-Haul Defendants were actively engaged in the business of leasing, distributing, installing, and maintaining trucks, trailers similar to the U-Haul 4x8 utility trailer, VA License Plate number 1039ZF, VIN number 14HUO81084PUV2727 installed on Plaintiff Elizabeth's vehicle.

E-FILED 2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

48.    U-Haul Defendants supplied, sold, warranted and placed on the market and into the stream of commerce a defective product that was unreasonably dangerous, knowing that the trailer would reach consumers without substantial change in the condition in which it was sold and that, at the time the trailer left the U-Haul Defendants control, the trailer was defective and in an unreasonably dangerous condition.

49.    On June 29, 2019, Plaintiff Elizabeth was using the trailer for the purposes for which it was reasonably and foreseeably intended and was involved in a motor vehicle accident which was likewise reasonably foreseeable.

50.    That the U-Haul 4x8 utility trailer, VA License Plate number 1039ZF, VIN number 14HUO81084PUV2727 was defective and unreasonably dangerous for, among others, the following reasons:

    a.    Said U-Haul trailer was defective and unreasonably dangerous because the trailer was not reasonably maintained: specifically, there was a pre-existing axle fracture around a majority of the shaft's circumference, which ultimately led to the failure of the shaft and the wheel and tire of the U-Haul trailer becoming wedged in the fender, causing the trailer to pitch to the right and Plaintiff Elizabeth's vehicle to pitch to the left.

51.    U-Haul Defendants knew, or in the exercise of reasonable ordinary care should have known, that the trailer and its components thereof were in a defective condition which rendered it unreasonably dangerous for reasonably foreseeable use and consumption.

52.    The above acts and omissions resulted in the defective condition of the trailer that was the proximate cause of the Plaintiffs severe and permanent physical, mental and emotional damages suffered and will continue to suffer in the future.

**WHEREFORE**, the Plaintiffs, respectfully requests the Court to enter judgment in their favor and against The U-Haul Defendants, in an amount which would fairly and reasonably compensate the Plaintiffs for their injuries and damages, together with interest thereon at the

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

maximum legal rate, costs of this action, and such other and further relief as this Court deems appropriate.

## JURY DEMAND

The above-named Defendants are hereby notified Plaintiffs demand trial by jury on all issues presented in this Petition at Law.

Respectfully submitted,

Christopher Johnston AT0012625
Thomas P. Tully  AT0011150
The Law Group of Iowa
 *A Johnston Martineau LLP Company*
7900 Hickman Road, Suite 200
Windsor Heights, IA 50324
Phone: (515) 493-4878
Fax:    (515) 414-7782
Email: Tully@JMLegal.com
Email: CJohnston@JMLegal.com

**ATTORNEYS FOR PLAINTIFFS**

E-FILED          LACV121759 - 2021 MAY 27 11:01 AM     POTTAWATTAMIE
CLERK OF DISTRICT COURT          Page 1 of 2

*CA4013*

State of Iowa, District Court POTTAWATTAMIE County

| | |
|---|---|
| ELIZABETH MYERS DICKERHOFF<br>ABIGAIL DAVIDSON<br><br>            Plaintiff / Petitioner<br><br>   vs.<br><br>AMERCO<br>U HAUL CO OF WISCONSIN<br>U HAUL MOVING & STORAGE AT APPLETON AVENUE<br>U HAUL INTERNATIONAL INC<br><br><br>            Defendant / Respondent | CASE NO. 04781  LACV121759<br><br> ORDER FOR INDIVIDUAL CASE ASSIGNMENT |

IT IS ORDERED:

Judge James S. Heckerman is designated as the Judge to preside over all future proceedings in this case.

If there are pending matters that should be determined before the trial/hearing, counsel shall promptly bring those matters to the attention of the presiding Judge.

/s/ Marsha Weberg, Assistant Court Administrator
712-328-5871

Copies to:

THOMAS PAUL TULLY
CHRISTOPHER ADAM JOHNSTON

E-FILED          LACV121759 - 2021 MAY 27 11:01 AM          POTTAWATTAMIE
CLERK OF DISTRICT COURT          Page 2 of 2



State of Iowa Courts

**Case Number**          **Case Title**
LACV121759               DICKERHOFF/DAVIDSON VS AMERCO ET AL
**Type:**                OTHER ORDER

So Ordered

Marsha Weberg, Assistant District Court Administrator,
Fourth Judicial District of Iowa

Electronically signed on 2021-05-27 11:01:25

E-FILED  2021 JUN 11 8:36 AM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| ELIZABETH DICKERHOFF AND ABIGAIL DAVIDSON,<br><br>    Plaintiffs<br><br>Vs.<br><br>AMERCO, U-HAUL INTERNATIONAL, INC., U-HAUL CO. OF WISCONSIN, INC. AND U-HAUL MOVING & STORAGE AT APPLETON AVENUE | LAW NO. LACV121759<br><br><br><br>**APPEARANCE** |

COMES NOW, the undersigned, Attorney Peter Kestner, and hereby enters his Appearance on behalf of the Plaintiffs.

_____

Peter L. Kestner AT0014774
MCEWEN & KESTNER, PLLC
5854 Blackshire Path
Inver Grove Heights, MN 55076
Phone:  651-888-7937
Email:  pete@crawfordkestner.com

ATTORNEYS FOR PLAINTIFFS


ORIGINAL FILED

E-FILED  2021 JUN 17 2:07 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

**Rule 31.25—Form 1:** *Application for Admission Pro Hac Vice--District Court*

## Iowa District Court for_____ County

*County where your case is filed*

| | Case no._____ |
|---|---|
| **Plaintiff(s)** *Full name: first, middle, last* vs. **Defendant(s)** *Full name: first, middle, last* | **Application for Admission Pro Hac Vice--District Court** Iowa Court Rule 31.14 |

### 1. Application

The undersigned seeks permission to appear pro hac vice in the above-captioned proceeding.

*Applicant must complete all of the following:*

If this matter involves review of an agency action, did the applicant seek admission pro hac vice in the proceedings below?  ☐ Yes  ☐ No

*If yes, attach copies of all related documents.*

a.  Applicant's full name, residential address, email address, and business address.

| | |
|---|---|
| *Full name: first, middle, last* | *Email address* |
| *Mailing address* | *City*   *State*   *ZIP code* |
| *Business address* | *City*   *State*   *ZIP code* |

b.  The name, address, and telephone number of each client to be represented.

c.  The courts before which the applicant has been admitted to practice and the respective periods of admission and any jurisdiction in which the out-of-state lawyer has been licensed to practice as a foreign legal consultant and the respective period of licensure.

d.  Has the applicant ever been denied admission pro hac vice in this state?

☐ Yes  ☐ No

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made.  Attach copies of all related documents.*

e.  Has the applicant ever had admission pro hac vice revoked in this state?

☐ Yes   ☐ No

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made.  Attach copies of all related documents.*

f.  Has the applicant ever been denied admission in any jurisdiction for reasons other than failure of a bar examination?   ☐ Yes   ☐ No

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made.  Attach copies of all related documents.*

g.  Has the applicant ever been formally disciplined or sanctioned by any court in this state?   ☐ Yes   ☐ No

*If yes, on a separate page specify the nature of the allegations, the name of the authority bringing such proceedings, the caption of the proceedings, the date filed, what findings were made, and what action was taken in connection with those proceedings.  Attach copies of all related documents.*

h.  Has the applicant ever been the subject of any injunction, cease-and-desist letter, or other action arising from a finding that the applicant engaged in the unauthorized practice of law in this state or elsewhere?   ☐ Yes   ☐ No

*If yes, on a separate page specify the nature of the allegations, the name of the authority bringing such proceedings, the caption of the proceedings, the date filed, what findings were made, and what action was taken in connection with those proceedings.  Attach copies of all related documents.*

i.  Has any formal, written disciplinary proceeding ever been brought against the applicant by a disciplinary authority or unauthorized practice of law commission in any other jurisdiction within the last five years?   ☐ Yes   ☐ No

*If yes, on a separate page specify as to each such proceeding: the nature of the allegations, the name of the person or authority bringing such  proceedings, the date the proceedings were initiated and finally concluded, the style of the proceedings, and the findings made and actions taken in connection with those proceedings.  Attach copies of all related documents.*

j.  Has the applicant ever been placed on probation by a disciplinary authority in any other jurisdiction?   ☐ Yes   ☐ No

*If yes, on a separate page specify the jurisdiction, caption of the proceedings, the terms of the probation, and what findings were made.  Attach copies of all related documents.*

k.  Has the applicant ever been held formally in contempt or otherwise sanctioned by any court in a written order in the last five years for disobedience to the court's rules or orders?   ☐ Yes   ☐ No

*If yes, on a separate page specify the nature of the allegations, the name of the court before which such proceedings were conducted, the date of the contempt order or sanction, the caption of the proceedings, and the substance of the court's rulings.  Attach to this application a copy of the written order or a transcript of the oral ruling and other related documents.*

l.  Has the applicant filed an application to appear pro hac vice in this state within the preceding two years?   ☐ Yes   ☐ No

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

*If yes, on a separate page list the name and address of each court or agency and a full identification of each proceeding in which an application was filed, including the date and outcome of the application. Attach copies of all related documents.*

m.  The applicant acknowledges familiarity with the rules of professional conduct, the disciplinary procedures of this state, the standards for professional conduct, the applicable local rules, and the procedures of the court before which the applicant seeks to practice. ☐ Yes ☐ No

n.  List the name, address, telephone number, email address, and personal identification number of an in-state lawyer in good standing of the bar of this state who will sponsor the applicant's pro hac vice request.

_____    _____    _____
*Lawyer's name*                  *PIN*              *Email address*

_____    _____   _____   _____
*Lawyer's address*               *City*            *State*       *ZIP code*

o.  The applicant acknowledges that service upon the in-state attorney in all matters connected with the proceedings will have the same effect as if personally made upon the applicant. ☐ Yes ☐ No

p.  If the applicant has appeared pro hac vice in this state in five proceedings within the preceding two years, the applicant must, on a separate attached page, provide a statement showing good cause why the applicant should be admitted in the present proceeding.

q.  On a separate attached page the applicant must provide any other information the applicant deems necessary to support the application for admission pro hac vice.

r.  Has the applicant registered with the office of professional regulation and paid the fee as required by Iowa Court Rule 31.14(11) within five years of the date of this application? ☐ Yes ☐ No

**Lawyer's Oath and Signature and Certificate of Service on next page**

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

## 2. Oath and Signature

I, Christopher P. Martineau_____, have read this Application, and I certify under
*Print your name*

penalty of perjury and pursuant to the laws of the State of Iowa that the preceding is true and correct.

| June | | 17 | , 20 21 | *Your signature* |  |
|---|---|---|---|---|---|
| *Signed on:* Month | Day | Year | | |

| 2233 Hamline Avenue, North, Suite 102 | Roseville | MN | 55113 |
|---|---|---|---|
| *Mailing address* | *City* | *State* | *ZIP code* |

| ( 612 ) 269-8463 | cmartineau@jmlegal.com | patty@jmlegal.com |
|---|---|---|
| *Telephone number* | *Email address* | *Additional email address, if applicable* |

\* *If filing in paper, you must handwrite your signature on this form. If filing electronically, you may handwrite your signature on the form, scan the form, and then file it electronically, or, you may affix a digitized signature and file the form electronically.*

## Certificate of Service

The undersigned certifies a copy of this application was served on the following parties:

Haley A. Cox, Lightfoot Law, The Clark Building, 400 20th Street, North, Birmingham, AL 35203, Attorney for Defendant U-Haul National

on the 17_____ day of June_____, 20 21_____
*Month*                         *Year*

by ☐ Personal delivery     ☒ Deposit in the U.S. mail

*Patty Nearmyer*_____
*Signature of server*

E-FILED  2021 JUN 17 2:10 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA (CENTRAL)
U.S. District Courthouse
123 East Walnut Street
Des Moines, IA  50309

Myles Regenold, Plaintiff
v.
Tony Higgins, acting in his individual capacity as an Ankeny Police Officer

CASE #: 4:21-CV-00069-SMR-SBJ

 This is an action for money damages for injuries sustained by Plaintiff after being shot in his dominant right arm without legal justification by Ankeny Police Officer Defendant Tony Higgins ("Higgins").

| 03/02/2021 | 2 | MOTION for Leave to Appear Pro Hac Vice Receipt Number: 0863-4414457 Fee paid in the amount of $100. by Myles Regenold. (Tully, Thomas) (Entered: 03/02/2021) |
| 03/02/2021 | 4 | TEXT ORDER granting 2 Motion for Leave to Appear Pro Hac Vice Christopher Peter Martineau; granting 3 Motion for Leave to Appear Pro Hac Vice Andrew J. Noel. Signed by Magistrate Judge Stephen B. Jackson, Jr on 3/2/2021. (slg) (Entered: 03/02/2021) |

E-FILED          LACV121759 - 2021 JUN 17 04:04 PM          POTTAWATTAMIE
                 CLERK OF DISTRICT COURT                   Page 1 of 2

*OR4004*

IN THE IOWA DISTRICT COURT IN AND
FOR POTTAWATTAMIE COUNTY IOWA

| | |
|---|---|
| ELIZABETH MYERS DICKERHOFF<br>ABIGAIL DAVIDSON<br><br><br>　　　Plaintiff/Petitioner<br><br>　vs.<br>AMERCO<br>U HAUL CO OF WISCONSIN<br>U HAUL MOVING & STORAGE AT APPLETON AVENUE<br>U HAUL INTERNATIONAL INC<br><br><br>　　Defendant/Respondent | CASE NO. 04781  LACV121759<br><br>ORDER |

Attorneys:
TULLY, THOMAS PAUL
JOHNSTON, CHRISTOPHER ADAM
KESTNER, PETER JOHN

Original Charge:

The Application for Admission Pro Hac Vice is granted by the Court.

**NOTE: ALL PERSONS IN THE COURT CONTROLLED AREAS OF THE COURTHOUSE ARE
REQUIRED TO WEAR FACE COVERING.**

E-FILED                    LACV121759 - 2021 JUN 17 04:04 PM          POTTAWATTAMIE
                           CLERK OF DISTRICT COURT                     Page 2 of 2



State of Iowa Courts

**Case Number**          **Case Title**
LACV121759               DICKERHOFF/DAVIDSON VS AMERCO ET AL
**Type:**                OTHER ORDER

So Ordered

**James S. Heckerman, District Court Judge,
Fourth Judicial District of Iowa**

Electronically signed on 2021-06-17 16:04:15

E-FILED  2021 JUN 17 2:16 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

**Dane County Civil Process, LLC**
345 W Washington Ave Suite 323
Madison, WI 53703

INVOICE: 5751195
Issued: Jun 7, 2021

**Johnston Martineau PLLP**
Christopher P. Martineau
2233 Hamline Ave N Suite 102
Saint Paul, MN 55113

PAY TO:
**Dane County Civil Process, LLC**
345 W Washington Ave Suite 323
Madison, WI 53703

| Case: LACV121759 | Plaintiff / Petitioner: Elizabeth Dickerhoff et al |
|---|---|
| Job: 5751195 | Defendant / Respondent: Amerco et al |

| Item | Description | Cost | Quantity | Total |
|---|---|---|---|---|
| Dane Co. | U-Haul Company of WI, Inc. | $45.00 | 1 | $45.00 |

| | |
|---|---|
| Thanks for choosing Dane County Civil Process, LLC. You may pay your invoice online! Simply visit our website at www.danecountycivilprocess.com and use the Paypal link located at the bottom of the page. | Total: $45.00<br>Amount Paid: ($0.00)<br>**Balance Due: $45.00** |

Dane County Civil Process, LLC · 345 W Washington Ave Suite 323, Madison, WI 53703

Call: 608-849-6420 · Email: danecountycivilprocess@yahoo.com · Visit: www.danecountycivilprocess.com

## AFFIDAVIT OF SERVICE

| Case:<br>LACV121759 | Court:<br>Iowa District Court in and for Pottawattamie County | County:<br>Pottawattamie | Job:<br>5751195 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Elizabeth Dickerhoff et al | | Defendant / Respondent:<br>Amerco et al | |
| Received by:<br>Dane County Civil Process, LLC | | For:<br>Johnston Martineau PLLP | |
| To be served upon:<br>U-Haul Company of WI, Inc. | | | |

I, Michael Jesse, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**    Jesse Dahlke, CSR, U-Haul Company of WI, Inc., c/o CT Corporation System, Company: 301 S Bedford St Suite 1, Madison, WI 53703

**Manner of Service:**    Registered Agent, Jun 4, 2021, 8:50 am CDT

**Documents:**    Original Notice (Received Jun 3, 2021 at 4:00pm CDT), Petition at Law and Jury Demand

**Additional Comments:**
1) Successful Attempt: Jun 4, 2021, 8:50 am CDT at Company: 301 S Bedford St Suite 1, Madison, WI 53703 received by Jesse Dahlke, CSR, U-Haul Company of WI, Inc., c/o CT Corporation System. Age: 35-40; Ethnicity: Caucasian; Gender: Male; Weight: 160; Height: 5'7"; Hair: Brown; Served.

**Fees:** $45.00

|  |  |
|---|---|
| Michael Jesse | Date 06/07/2021 |
| Dane County Civil Process, LLC<br>345 W Washington Ave Suite 323<br>Madison, WI 53703<br>608-906-2917 | |

Subscribed and sworn to before me by the affiant who is personally known to me.

**Notary Public**

06/07/2021       July 02, 2022

Date       Commission Expires

DAVID OVERLIN
NOTARY
PUBLIC
STATE OF WISCONSIN

E-FILED  2021 JUN 17 2:16 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

E-FILED  2021 JUN 17 2:16 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

## AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| **State of Iowa** | **County of Pottawattamie** | **District Court** |

Case Number: LACV121759

Plaintiff:
**ELIZABETH DICKERHOFF, ET AL.**

vs.

Defendant:
**AMERCO, ET AL.**

For:
Johnston & Martineau PLLP
2233Hamline Ave North Suite 102
Saint paul, MN 5113

Received by SOUTHEAST WISCONSIN PROCESS, LLC to be served on **U-HAUL MOVING & STORAGE AT APPLETON AVE, 7677 W APPLETON AVE, MILWAUKEE, WI 53222**.

I, Shannon Gutierrez, being duly sworn, depose and say that on the **7th day of June, 2021** at **6:33 pm, I:**

Served the within named corporation by delivering  the **Original Notice & Petition at Law and Jury Demand** with the date and hour of service endorsed thereon by me to JANE DOE as FRONT DESK/ AUTHORIZED of the within named corporation, in compliance with State Statutes.

**Description** of Person Served: Age: 30s, Sex: F, Race/Skin Color: Black, Height: 5'6", Weight: 140, Hair: Brown, Glasses: N

I certify that I am over the age of 18, I am a resident of the State of Wisconsin and have no interest in the above action.

Subscribed and Sworn before me on the 8th day of
June, 2021 in Waukesha, State of Wisconsin

_____
NOTARY PUBLIC
My Commission Expires ___1/10/23___

_____
**Shannon Gutierrez**
Process Server

**SOUTHEAST WISCONSIN PROCESS, LLC**
707 W. Moreland Blvd., Suite 2
Waukesha, WI 53188
**(262) 650-8904**

Our Job Serial Number: MDN-2021005588
Service Fee: $50.00

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.0n



E-FILED          LACV121759 - 2021 JUN 21 04:15 PM          POTTAWATTAMIE
                 CLERK OF DISTRICT COURT                   Page 1 of 2

# CLERK OF DISTRICT COURT

POTTAWATTAMIE COUNTY COURTHOUSE
PO BOX 476
COUNCIL BLUFFS IA 51502
(712) 328-5861

## Notice to Attorney Admitted Pro Hac Vice

As indicated in the attached notice, this case is in electronic format. As an attorney admitted pro hac vice on the case, you need to follow some special steps to register for e-filing.

When you register, select the Pro Hac Vice option under User Role. On the page where you enter your User Account information, enter the information according to the instructions, with the special exception that you enter the PHV PIN we have assigned to you in the ICIS ID field. Complete your account registration.

**Chapter 16 Rules and eFiling training documents are available at:**
http://www.iowacourts.gov/eFiling/Training_Documents/

Failure to register means you will not receive electronic service on this case.

**Your uniquely assigned pro hac vice pin is: PHV002930**

**Name: CHRISTOPHER MARTINEAU**

**Case: 04781  LACV121759**

E-FILED          LACV121759 - 2021 JUN 21 04:15 PM          POTTAWATTAMIE
                 CLERK OF DISTRICT COURT                   Page 2 of 2

# IN THE IOWA DISTRICT COURT FOR POTTAWATTAMIE COUNTY

Case No.: 04781  LACV121759

## Notice of Electronic Filing Requirement

YOU ARE HEREBY NOTIFIED THAT YOU ARE ATTEMPTING TO FILE IN A COUNTY THAT UTILIZES ELECTRONIC FILING.  YOUR PAPER FILINGS ARE BEING RETURNED TO YOU AND HAVE NOT BEEN ACCEPTED AT THIS OFFICE.

You are required to register through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/EFile/ and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving notification of filings, court rulings and events.  REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM (EDMS).  For court rules on the protection of personal information in court filings, refer to Division VI of Iowa Court Rules Chapter 16.

ELECTRONIC FILING IS MANDATORY:

Electronic filing of new court cases and filings in cases that have been converted to electronic is mandatory in counties where the EDMS has been implemented, unless otherwise required or authorized by the Chapter16: Rules Pertaining to the Use of the Electronic Document Management System.

YOU MUST REGISTER TO USE EDMS:

Registration is required before you can use the EDMS.  You are required to have a current e-mail account for use with EDMS.  When you have completed your registration and received you login (username) and password, you can begin filing and receiving documents immediately.  Your registration constitutes your request for, and consent to, electronic service of court-generated documents and documents filed electronically by other parties.

EXCEPTIONS:

For good cause, the court, or clerk if no judge is available, may authorize a filer to submit a document in paper. Upon showing of exceptional circumstances, the chief judge of the district in which a case is pending may grant you an exemption from registering and filing electronically.

READ CHAPTER 16: RULES PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM (EDMS), available on the Iowa Judicial Branch Filer's Interface at https://www.iowacourts.state.ia.us/EFile/, before you register for or use the Electronic Document Management System.

# CT Corporation

**Service of Process Transmittal**
06/25/2021
CT Log Number 539803342

| | |
|---|---|
| **TO:** | Dave McGee, Operations Manager<br>U-Haul International, Inc.<br>2721 N CENTRAL AVE<br>PHOENIX, AZ 85004-1127 |
| **RE:** | **Process Served in Arizona** |
| **FOR:** | U-Haul International, Inc.  (Domestic State: NV) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Elizabeth Dickerhoff and Abigail Davidson, Pltfs. vs. Amerco, et al., Dfts. // To: U-Haul International, Inc. |
| **DOCUMENT(S) SERVED:** | Notice, Attachment, Petition |
| **COURT/AGENCY:** | Pottawattamie County - District Court, IA<br>Case # LACV121759 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 06/29/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/25/2021 at 15:25 |
| **JURISDICTION SERVED :** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | Within 60 days after service of this original notice upon you |
| **ATTORNEY(S) / SENDER(S):** | Christopher Johnston<br>A Johnston Martineau, LLP Company<br>7900 Hickman Rd.<br>Suite 200<br>Windsor Heights, IA 50324<br>(515) 493-4878 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/28/2021, Expected Purge Date: 07/08/2021<br><br>Image SOP<br><br>Email Notification,  Meg Grove  meg_grove@uhaul.com<br><br>Email Notification,  Marsha Evans  marsha_evans@uhaul.com<br><br>Email Notification,  Dave McGee  dave_mcgee@uhaul.com<br><br>Email Notification,  Malinda Sutter  malinda_sutter@uhaul.com<br><br>Email Notification,  Joanna Morales  joanna_morales@uhaul.com<br><br>Email Notification,  Shannen Allen  shannen_allen@uhaul.com<br><br>Email Notification,  Lance Arnott  sopverification@wolterskluwer.com |

 CT Corporation

**Service of Process Transmittal**
06/25/2021
CT Log Number 539803342

**TO:** Dave McGee, Operations Manager
U-Haul International, Inc.
2721 N CENTRAL AVE
PHOENIX, AZ 85004-1127

**RE:** **Process Served in Arizona**

**FOR:** U-Haul International, Inc.  (Domestic State: NV)

**REGISTERED AGENT ADDRESS:** C T Corporation System
3800 N. Central Avenue
Suite 460
Phoenix, AZ 85012
877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**              Fri, Jun 25, 2021

**Server Name:**       Jeff Bourne

| | |
|---|---|
| Entity Served | U-HAUL INTERNATIONAL, INC. |
| Case Number | LACV121759 |
| Jurisdiction | AZ |



E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

*82635*

## IN THE IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| ELIZABETH DICKERHOFF AND ABIGAIL DAVIDSON, | LAW NO. LACV121759 _____ |
| Plaintiff | |
| Vs. | **ORIGINAL NOTICE** |
| AMERCO, U-HAUL INTERNATIONAL, INC., U-HAUL CO. OF WISCONSIN, INC. AND U-HAUL MOVING & STORAGE AT APPLETON AVENUE | |

TO THE ABOVE-NAMED DEFENDANT:    U-Haul International, Inc.
%Registered Agent – CT Corporation System
3800 N. Central Ave., Suite 460
Phoenix, AZ 85012

    You are notified that a petition has been filed in the office of the Pottawattamie County clerk of this court naming you as the defendant in this action.  A copy of the petition is attached to this notice.  The names and addresses of the attorneys for the plaintiff are Christopher Johnston and Thomas P. Tully of Johnston Martineau, LLP, 7900 Hickman Rd., Ste 200, Windsor Heights, IA  50324. The attorney's telephone number is (515) 493-4878. The facsimile number is (515) 414-7782.

    You must serve a motion or answer within 60 days after service of this original notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Pottawattamie County, at the county courthouse in Council Bluffs, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

    If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 286-3394.  Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

                    CLERK OF COURT
                    Pottawattamie County Courthouse
                    227 S. 6th Street
                    Council Bluffs, IA  51501

**IMPORTANT:** YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOU INTERESTS.

E-FILED  2021 MAY 27 10:38 AM POTTAWATTAMIE - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.*  **LACV121759**
*County*   **Pottawattamie**

*Case Title*   **DICKERHOFF/DAVIDSON VS AMERCO ET AL**

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(712) 328-5883** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **05/27/2021 10:38:03 AM**



*District Clerk of* Pottawattamie    *County*
**/s/ Teresa Mace**

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| ELIZABETH DICKERHOFF AND ABIGAIL DAVIDSON, | LAW NO. LACV121759 |
| Plaintiff | |
| Vs. | **PETITION AT LAW AND JURY DEMAND** |
| AMERCO, U-HAUL INTERNATIONAL, INC. AND U-HAUL CO. OF WISCONSIN, INC. and U-HAUL MOVING & STORAGE AT APPLETON AVENUE | |

**COMES NOW** the Plaintiffs, by and through the undersigned, and in support of their cause of action against the Defendants Amerco, U-Haul International, Inc. U-Haul Co. of Wisconsin, Inc., and U-Haul Moving & Storage at Appleton Avenue states:

## JURISDICTIONAL AND FACTUAL ALLEGATIONS

1.      Plaintiff Elizabeth Dickerhoff (hereinafter referred to as Plaintiff Elizabeth) is an individual who at all times material hereto resided in Erie, Weld County, Colorado.

2.      Plaintiff Abigail Dickerhoff (hereinafter referred to as Plaintiff Abigail) is an individual who at all times material hereto resided in Erie, Weld County, Colorado.

3.      Defendant AMERCO [hereinafter "AMERCO"], is the parent company for Defendant U-Haul International, Inc. and Defendant U-Haul Co. of Wisconsin, Inc. Defendant AMERCO, through its subsidiaries, including Defendant U-Haul International, Inc. and Defendant U-Haul Co. of Wisconsin, Inc., offers rental of trucks and trailers to "do-it-yourself" moving and storage customers. Defendant AMERCO is a Nevada domestic corporation with its principal place of business in Phoenix, Arizona. At all times herein relevant, Defendant AMERCO was engaged in the business of manufacturing, distributing, promoting, advertising, selling and leasing trailers throughout the United States, the State of Wisconsin, and in the State of Iowa. Defendant

E-FILED 2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

AMERCO has substantial and continuing contacts with the State of Iowa and derives substantial income from the State of Iowa.

4.      Defendant U-Haul International, Inc., [hereinafter Defendant "UHI"], is a Nevada for-profit corporation with its principal place of business in Phoenix, Arizona. Defendant UHI maintains the largest rental fleet in the "do-it-yourself" moving industry, which includes trucks, trailers and towing devices. The annual mileage driven on North American roads by Defendant UHI's trucks, trailers and tow dollies would move a family to the moon and back more than 9.9 times per day, every day of the year; the equivalent of traveling around the Earth 177 times per day, every day of the year according to Defendant UHI.

5.      Defendant UHI is a consolidated subsidiary of AMERCO. At all times pertinent to this Petition, Defendant UHI was, and remains, the parent corporation exercising control over all U-Haul corporate subsidiaries, including U-Haul Co. of Wisconsin, Inc., and U-Haul Moving & Storage at Appleton Avenue. Defendant UHI's website also has provided a definition of "U-Haul" as U-Haul International, Inc. and its respective subsidiaries, insurers, parent, affiliates, agents, and dealers. In that role as the parent corporation exercising control, Defendant UHI was, and remains, the entity responsible for promulgating the policies, procedures, guidelines, practices, protocols and/or training to be followed by all U-Haul corporate subsidiaries, including U-Haul Co. of Wisconsin, Inc., and U-Haul Moving & Storage at Appleton Avenue and their employees and/or agents.

6.      Defendant UHI (either on its own and/or by and through its wholly-owned, consolidated and/or affiliated subsidiaries) was, and remains, in the business of inspecting, maintaining, repairing, and renting U-Haul trailers to consumers throughout the United States.

7.      Defendant UHI, either alone and/or by and through its wholly-owned, consolidated

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

and/or affiliated subsidiaries, transacts business in the State of Iowa and derives substantial revenue from business in the State of Iowa.

8.      Furthermore, because Defendant UHI maintains a registered agent to transact business in the State of Nevada, UHI may be served by delivering Summons and the Complaint upon its registered agent, CT Corporation System, located at 701 S. Carson Street, Suite 200, Carson City, Nevada 89701.

9.      In addition to the above, at all times relevant hereto, Defendant UHI was engaged in the business of manufacturing, distributing, promoting, advertising, selling and leasing trailers through a network of licensees, including U-Haul Co. of Wisconsin, Inc., and U-Haul Moving & Storage at Appleton Avenue, as well as licensees throughout the United States and in the State of Iowa.

10.     Defendant U-Haul Co. of Wisconsin, Inc. (hereinafter referred to as Defendant "UHW"), is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. That Defendant AMERCO is the parent company for Defendant UHW. Defendant UHW at all times relevant was engaged in the business of manufacturing, distributing, promoting, advertising, selling and leasing trailers throughout the United States and the State of Wisconsin through a network of licensees within the State of Wisconsin.

11.     At all times relevant hereto, Defendant U-Haul Moving & Storage at Appleton Avenue, 7677 W. Appleton Avenue, Milwaukee, WI was located and doing business at 7677 West Appleton Avenue, Milwaukee, WI 53222 and was engaged in in the business of leasing, installing, maintaining, promoting and advertising trailers to be used on roads, highways, and Interstates throughout the United States and elsewhere. Defendant U-Haul Moving & Storage at Appleton Avenue does business in the State of Wisconsin with full knowledge that the trailers it rents will be

driving on roads, highways, and Interstates throughout the United States and elsewhere, including the State of Iowa.

12.    Upon information and belief, Plaintiffs contend that at all times mentioned herein, Defendants AMERCO, UHI, UHW, and U-Haul Moving & Storage at Appleton Avenue (hereinafter collectively referred to as the "U-Haul Defendants") were acting as agents of the other, and at all times mentioned were acting within the scope of said agency and with full knowledge, permission and consent of the other Defendant(s) throughout the United States and the State of Iowa. In addition, each of the acts and/or omissions of each Defendant alleged herein were made known to the other Defendant(s).

13.    On June 29, 2019, Plaintiff Elizabeth rented a U-Haul 4x8 utility trailer, VA License Plate number 1039ZF, VIN number 14HUO81084PUV2727, from U-Haul Moving & Storage at Appleton Avenue, 7677 W. Appleton Avenue, Milwaukee, WI, who is believed to be an Agent, partner, employee and/or servant of Defendants AMERCO, UHI, and UHW.

14.    On June 29, 2019, Defendants were aware and consented to Plaintiff Elizabeth driving the at-issue trailer from Wisconsin to Broomfield, Colorado.

15.    That prior to the June 29, 2019, rental of the at-issue trailer, the U-Haul Defendants' employee(s) and/or agents, while acting in the course and scope of their employment and/or agency for the U-Haul Defendants either failed to inspect, or negligently inspected the at-issue trailer for any maintenance defects that made renting the at-issue trailer unsafe.

16.    That prior to the June 29, 2019, rental of the at-issue trailer, the U-Haul Defendants either did, or should have provided training and supervision over the U-Haul Defendants, and their agents, on proper trailer maintenance, including the inspection of wheel ends and axels.

E-FILED 2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

17.    That on this date, June 29, 2019, Defendant UHI retained all duties as franchisee to properly maintain its equipment, including, but not limited to, the at-issue U-Haul 4x8 utility trailer, VA License Plate number 1039ZF, VIN number 14HUO81084PUV2727.

18.    On June 29, 2019, Plaintiff Elizabeth was driving a vehicle owned by her, a 2004 Ford Escape and was pulling the U-Haul Defendants' trailer, Plate number 1039ZF, west on Interstate 80 in Pottawattamie County, Iowa at approximately Mile Marker 46.6.

19.    On June 29, 2019, Plaintiff Abigail was a passenger in Plaintiff Elizabeth's (her Mother) vehicle.

20.    As Plaintiff Elizabeth's vehicle approached Mile Marker 46.6, Defendants' trailer, without prior warning, suffered mechanical failure to its passenger side wheel resulting in the wheel being unable to freely rotate and causing Plaintiff Elizabeth's vehicle to veer to the left, cross over the median, across the eastbound lanes, and off the roadway. Plaintiff Elizabeth's vehicle and trailer rolled, became detached from one another, and then came to rest in a field off the shoulder of the east bound lanes with Plaintiff Elizabeth's vehicle subsequently catching fire.

21.    Examination of the at-issue axle revealed a pre-existing (the fracture existed prior to failure) fracture around a majority of the shaft's circumference, which ultimately led to the failure of the shaft and the wheel and tire of the U-Haul trailer becoming wedged in the fender, causing the trailer to pitch to the right and Plaintiff Elizabeth's vehicle to pitch to the left.

22.    That this mechanical failure described in the above paragraph was the result of a defect, only identifiable by a mechanically trained eye of the U-Haul Defendants and their employees, and not an ordinary user or handler of the trailer, with ordinary knowledge common to the community.

· E-FILED 2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

23. That upon visual inspection after the at-issue crash, the level of rust and corrosion on the at-issue trailer frame, axle and wheel bearing/hub assemblies was consistent and suggested that the wheel hub assemblies had never been serviced by the U-Haul Defendants (replaced) over the 15 years the trailer had been used.

24. That upon further inspection, the grease in the bearing of the at-issue axle was solidifying which indicated that the grease was of old age; likely confirming the U-Haul Defendants had not serviced the axle and wheel bearing/hub assembly.

25. That at the time of visual inspection, the U-Haul Defendants refused to provide service literature for the at-issue trailer's axle involved in the crash.

26. That upon information and belief, a properly maintained trailer would have not suffered the mechanical failure described above that resulted in the Plaintiffs' injuries.

27. At the time of the mechanical failure referred to herein, the U-Haul trailer was being used as intended and in a manner reasonably foreseeable to the U-Haul Defendants.

28. As a result of U-Haul Defendants Trailer's mechanical failure described above, Plaintiffs Elizabeth and Abigail sustained permanent injuries to their bodies.

29. This Court has jurisdiction over the parties and subject matter as the crash happened in the County of Pottawattamie, and the State of Iowa.

30. The amount in controversy exceeds the minimum jurisdictional amount of this Court.

31. Venue is proper pursuant to Iowa Code §616.18

### COUNT I: NEGLIGENCE – U-HAUL DEFENDANTS

COMES NOW the Plaintiffs, and in support of their cause of action set forth in Count I against The U-Haul Defendants, states:

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

32.     Plaintiffs re-plead and re-allege each of the allegations set forth in

Paragraphs 1 through 31 of the Jurisdictional and Factual Allegations of this Petition at Law

and incorporates the same by reference as though fully set forth herein.

33.     That at all times relevant hereto, the U-Haul Defendants were actively

engaged in the business of leasing, distributing, installing, and maintaining trucks and

trailers, similar to the U-Haul trailer, Plate Number 1039ZF rented by Plaintiff Elizabeth.

34.     That it was the duty of the U-Haul Defendants, either solely or combined to

exercise reasonable care to maintain the subject U-Haul trailer, Plate Number 1039ZF, in a

reasonably safe condition, free from unreasonably dangerous conditions or defects.

35.     That in derogation of its said duty, regarding the maintenance of the subject

U-Haul utility trailer, the U-Haul Defendants, by and through its employees, agents and/or

servants, acting within the scope of their employment, agency and/or service on behalf of

the U-Haul Defendants, either solely or combined, was negligent in one or more of the

following respects:

    a.    The U-Haul Defendants and their employees and agents breached their duty to systematically inspect, repair and maintain the U-Haul trailer, Plate Number 1039ZF, before the June 29, 2019 mechanical failure;

    b.    The U-Haul Defendants and their employees and agents breached their duty to properly maintain the U-Haul trailer, Plate Number 1039ZF, before the June 29, 2019 mechanical failure;

    c.    The U-Haul Defendants and their employees and agents knew, or should have known, of the unreasonably dangerous condition of the U-Haul trailer, Plate Number 1039ZF, which caused Plaintiffs' injuries and damages, but failed to correct or warn of the unreasonably dangerous condition;

    d.    The U-Haul Defendants and their employees and agents knew, or should have known, that the U-Haul trailer, Plate Number 1039ZF had not been properly inspected before the trip June 29, 2019 trip, but failed to correct or warn of the lack of a proper inspection;

e.    The U-Haul Defendants and their employees and agents knew, or should have known, that the U-Haul trailer, Plate Number 1039ZF, had not been properly maintained before the June 29, 2019 mechanical failure, but failed to correct or warn of the lack of proper maintenance;

f.    The U-Haul Defendants and their employees and agents knew, or should have known, that the unreasonably dangerous condition of the U-Haul trailer, Plate Number 1039ZF, would foreseeably cause Plaintiffs' injuries and damages, but failed to correct or warn of the unreasonably dangerous condition;

g.    The U-Haul Defendants and their employees and agents failed to exercise reasonable care in the inspection, maintenance, and repair of the U-Haul trailer, Plate Number 1039ZF;

h.    The U-Haul Defendants failed to properly train their employees and agents relating to its interstate trailer operation, including, but not limited to, the proper inspection, maintenance and repair of the U-Haul trailer, Plate Number 1039ZF;

i.    The U-Haul Defendants failed to properly supervise their employees and agents relating to its interstate trailer operation, including, but not limited to, the proper inspection, maintenance and repair of the U-Haul trailer, Plate Number 1039ZF;

j.    The U-Haul Defendants were negligent in the hiring of their employees and agents responsible for its interstate trailer operation, including, but not limited to, the proper inspection, maintenance and repair of the U-Haul trailer, Plate Number 1039ZF;

k.    The U-Haul Defendants and their employees and agents failed to act as reasonable persons under the same or similar circumstances; and

l.    The U-Haul Defendants and their employees and agents failed to promulgate, implement and enforce rules, regulations and safety systems to avoid mechanical failures such as that which form the basis of this instant lawsuit.

36.    Furthermore, the defect that caused the mechanical failure was not one that could easily or readily be discovered by the untrained, unsophisticated renter.

37.    As a proximate result of the aforesaid, Plaintiffs received severe and permanent physical, mental and emotional damages and have and will incur in the future, doctor, hospital and related medical expenses, lost wages; has and will suffer pain and mental anguish.

**WHEREFORE**, the Plaintiffs, respectfully requests the Court to enter judgment in their favor and against The U-Haul Defendants, in an amount which would fairly and reasonably

compensate the Plaintiffs for their injuries and damages, together with interest thereon at the maximum legal rate, costs of this action, and such other and further relief as this Court deems appropriate.

## COUNT II: FAILURE TO WARN – THE U-HAUL DEFENDANTS

COMES NOW the Plaintiffs, and in support of their cause of action set forth in Count II against The U-Haul Defendants, states:

38.    The Plaintiffs re-allege and adopt each of the allegations asserted above as if fully set forth herein.

39.    The U-Haul trailer, Plate Number 1039ZF, was further rendered unreasonably dangerous because an adequate warning about the trailer was not provided to consumers when the trailer left the control of the U-Haul Defendants.

40.    The U-Haul trailer, Plate Number 1039ZF, possessed characteristics, as more fully described above, which caused damage and the U-Haul Defendants failed to use reasonable care to provide an adequate warning of such characteristics and its danger to users and handlers of the trailer.

41.    At the time of the incident that is the subject of this lawsuit, the U-Haul trailer was dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics.

42.    Users or handlers of the U-Haul trailer, such as the Plaintiffs, did not know and should not have been expected to know of the characteristics of the trailer that had the potential to cause damage and/or the dangers of such characteristics.

E-FILED 2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

43.    The U-Haul Defendants are liable for their failure to warn, the ensuing injuries to
       Plaintiffs Elizabeth and Abigale and damages sustained in an amount to be determined at
       trial.

44.    The above acts and omissions as described above by the U-Haul Defendants resulted in
       the defective condition of the trailer that was foreseeable to the U-Haul Defendants and
       was the proximate cause of the Plaintiffs' injuries and damages.

45.    As a proximate result of the aforesaid, Plaintiffs received severe and permanent physical,
       mental and emotional damages and have and will incur in the future, doctor, hospital and
       related medical expenses, lost wages; has and will suffer pain and mental anguish.

**WHEREFORE**, the Plaintiffs, respectfully requests the Court to enter judgment in their favor
and against The U-Haul Defendants, in an amount which would fairly and reasonably
compensate the Plaintiffs for their injuries and damages, together with interest thereon at the
maximum legal rate, costs of this action, and such other and further relief as this Court deems
appropriate.

## COUNT III – STRICT LIABILITY -U-HAUL DEFENDANTS

COMES NOW the Plaintiffs, and in support of their cause of action set forth in Count
III against The U-Haul Defendants, states:

46.    The Plaintiffs re-allege and adopt each of the allegations asserted above as if fully set forth
       herein.

47.    At all times relevant hereto, the U-Haul Defendants were actively engaged in the business of
       leasing, distributing, installing, and maintaining trucks, trailers similar to the U-Haul 4x8
       utility trailer, VA License Plate number 1039ZF, VIN number 14HUO81084PUV2727
       installed on Plaintiff Elizabeth's vehicle.

48. U-Haul Defendants supplied, sold, warranted and placed on the market and into the stream of commerce a defective product that was unreasonably dangerous, knowing that the trailer would reach consumers without substantial change in the condition in which it was sold and that, at the time the trailer left the U-Haul Defendants control, the trailer was defective and in an unreasonably dangerous condition.

49. On June 29, 2019, Plaintiff Elizabeth was using the trailer for the purposes for which it was reasonably and foreseeably intended and was involved in a motor vehicle accident which was likewise reasonably foreseeable.

50. That the U-Haul 4x8 utility trailer, VA License Plate number 1039ZF, VIN number 14HUO81084PUV2727 was defective and unreasonably dangerous for, among others, the following reasons:

   a. Said U-Haul trailer was defective and unreasonably dangerous because the trailer was not reasonably maintained: specifically, there was a pre-existing axle fracture around a majority of the shaft's circumference, which ultimately led to the failure of the shaft and the wheel and tire of the U-Haul trailer becoming wedged in the fender, causing the trailer to pitch to the right and Plaintiff Elizabeth's vehicle to pitch to the left.

51. U-Haul Defendants knew, or in the exercise of reasonable ordinary care should have known, that the trailer and its components thereof were in a defective condition which rendered it unreasonably dangerous for reasonably foreseeable use and consumption.

52. The above acts and omissions resulted in the defective condition of the trailer that was the proximate cause of the Plaintiffs severe and permanent physical, mental and emotional damages suffered and will continue to suffer in the future.

**WHEREFORE**, the Plaintiffs, respectfully requests the Court to enter judgment in their favor and against The U-Haul Defendants, in an amount which would fairly and reasonably compensate the Plaintiffs for their injuries and damages, together with interest thereon at the

E-FILED  2021 MAY 26 5:13 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

maximum legal rate, costs of this action, and such other and further relief as this Court deems appropriate.

## JURY DEMAND

The above-named Defendants are hereby notified Plaintiffs demand trial by jury on all issues presented in this Petition at Law.

Respectfully submitted,

Christopher Johnston AT0012625
Thomas P. Tully  AT0011150
The Law Group of Iowa
*A Johnston Martineau LLP Company*
7900 Hickman Road, Suite 200
Windsor Heights, IA 50324
Phone: (515) 493-4878
Fax:    (515) 414-7782
Email: Tully@JMLegal.com
Email: CJohnston@JMLegal.com

**ATTORNEYS FOR PLAINTIFFS**